# In re the PETITION OF OWEN T. EVANS.

No. 91-302.
July 30, 1991.
250 Mont. 172.
819 P.2d 156.

## ORDER

The petitioner, Owen T. Evans, has filed with this court a petition, *pro se*, for post-conviction relief alleging he was denied effective assistance of counsel. The Attorney General of the State of Montana has filed a response asserting that the petitioner's claims of ineffective assistance of counsel are procedurally barred.

On September 28, 1989, the petitioner was convicted of aggravated burglary, two counts of felony assault and one count of felony theft by

a jury sitting in the District Court of the Eighteenth Judicial District, Gallatin County. The petitioner was represented by appointed counsel during his trial in the District Court. After his convictions, the petitioner obtained new counsel and appealed to this court. His convictions were affirmed on appeal in *State v. Evans* (Mont. 1991), [247 Mont. 218,] 806 P.2d 512, 48 St.Rep. 170.

In his petition, the petitioner raises the following claims of ineffective assistance of trial counsel:

"(1) counsel should have contested the legality of the initial entry of police officers into the defendant's apartment; (2) counsel failed to move to suppress evidence seized pursuant to a search warrant issued to search defendant's apartment; (3) counsel presented no defense and engaged in a conflict of interest because counsel believed petitioner to be guilty; (4) counsel failed to file a change of venue motion; (5) counsel failed to submit an instruction on lesser included offenses; and (6) counsel failed to submit an instruction on the definition of weapon."

■ Under § 46-21-105, MCA, a petitioner may not raise in a post-conviction petition "grounds for relief that could reasonably have been raised on direct appeal." When ineffective assistance of counsel claims can be decided upon the record, such claims are appropriate for consideration on direct appeal; when ineffective assistance of counsel claims require consideration of factual matters outside the record, the claims are inappropriate in the context of a direct appeal. *State v. Schoffner* (Mont. 1991), [248 Mont. 260,] 811 P.2d 548, 553, 554, 48 St.Rep. 424, 427.

■ Here, the petitioner was afforded a direct appeal and was represented by newly appointed appellate counsel. No issues of ineffective assistance of counsel were raised. Each of the claims of ineffective assistance of counsel raised by the petitioner could reasonably have been raised on direct appeal and, thus, are procedurally barred under § 46-21-105, MCA. The only claim that arguably could involve consideration of factual matters outside the record is the claim that defense counsel's attitude toward the petitioner inhibited his representation of the petitioner. However, this claim also could have been resolved on the record because a pre-trial hearing was held before the District Court on whether the petitioner should receive new counsel and at the hearing the petitioner put on the record his problems with his trial counsel.

IT IS ORDERED:

174

1. The petition for post-conviction relief is DENIED.

2. The Clerk is directed to mail a true copy of this order to the Attorney General and to the petitioner personally.

DATED this 30th day of July, 1991.

/s/ J. A. Turnage, Chief Justice
/s/ John Conway Harrison, Justice
/s/ Karla M. Gray, Justice
/s/ William E. Hunt, Justice
/s/ R. C. McDonough, Justice
/s/ Terry Trieweiler, Justice
/s/ Fred J. Weber, Justice.