No. 93-176

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 7

IN RE THE PETITION OF
KRISTOFER HANS



FILED

JAN 15 1998

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

ORIGINAL PROCEEDING

COUNSEL OF RECORD:

For Appellant:

William Hooks, Appellate Defender, Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Patricia Jordan, Assistant Attorney General, Helena, Montana

Thomas P. Meissner, Fergus County Attorney, Lewistown, Montana

Submitted on Motion: October 17. 1997

Decided: January 15, 1998

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion and Order of the Court.

¶1     The State of Montana moves this Court to dismiss Petitioner Kristofer Hans' (Hans') second amended petition for post-conviction relief or, in the alternative, to strike claims. Hans has tiled a brief in opposition to the motion and a cross-motion to strike certain material from the State's brief.

Factual and Procedural Background

¶2     On May 10, 1988, Hans pled guilty to charges of deliberate homicide, attempted deliberate homicide, and two counts of aggravated assault. On June 3, 1988, Hans was sentenced to the Montana Department of Institutions for two concurrent 100-year terms plus 3 years for the use of a weapon and two lo-year terms plus 2 for the use of a weapon, to be served concurrently. Hans' counsel, Bradley Parrish, filed a notice of appeal with this Court, which was subsequently withdrawn. As a result, no direct appeal was taken. On April 12, 1993, Hans 'riled herein a *pro* se petition for post-conviction relief. This Court appointed the appellate public defender to represent Hans. Hans' counsel filed an amended petition for post-conviction relief on his behalf, which raised the following claims:

¶3     1. Hans' guilty pleas were not voluntarily, knowingly, or intelligently entered.

¶4     2. Parrish rendered ineffective assistance of counsel by:

> a) failing to investigate and prepare for trial; b) failing to
> adequately discuss the case with Hans; c) failing to adequately
> inform Hans of the elements of the crimes charged and

2

consequences of his guilty pleas; d) failing to object when mental health evaluations were provided to the court and prosecution; e) failing to inform Hans of his rights or to protect his rights regarding those procedures; f) failing to object when Hans was asked to testify under oath about the attorney/client relationship; and g) failing to protect Hans' right to appeal.

¶5    3. The court erred in not appointing a psychiatrist to assist in Hans' defense.

¶6    4. The court erred in ordering the mental health experts to report to the court and to both counsel.

¶7    5. The mental health experts' failure to advise Hans of his right to counsel and fifth amendment privilege violated those rights.

¶8    On August 25, 1994, this Court entered its order denying claims three and four, remanding to the District Court for an evidentiary hearing on the ineffective assistance of counsel claims, and reserving ruling on the remaining issues. On November 30, 1994, the District Court held an evidentiaty hearing and entered its findings on November 21, 1996. The District Court found that Parrish had not been ineffective, except in failing to preserve Hans' right to appeal

¶9    On July 2, 1997, this Court entered its opinion and order denying Hans relief on the remaining claims. Hans v. State (Mont. 1997), 942 P.2d 674, 54 St.Rep. 654 (hereinafter Hans I). We agreed with the District Court's finding that Parrish rendered ineffective assistance by abandoning Hans' appeal. We held that "all claims foreclosed from appeal because of counsel's abandonment on appeal may be raised in a post-conviction petition" and allowed Hans to further amend his petition to address these issues. Hans I, 942 P.2d. at 693.

3

¶10    On September 25, 1997, Hans filed his second amended petition for post-conviction relief, which raises eleven issues related to sentencing. The State filed a motion to dismiss Hans' petition or, in the alternative, to strike claims. The State contends that in Hans I, this Court limited the issues that could be raised in Hans' second amended petition to claims that Hans had adequately raised in the first petition, but had declined to fully address based upon a perceived procedural bar. The State argues that Hans' second amended petition raises many issues that were not preserved for appeal in the District Court, have been waived by Hans' failure to raise them in his first amended petition, or have already been decided by this Court in earlier proceedings. In response, Hans argues that this Court intended to create a new remedy for his counsel's failure to perfect his right to appeal that replaced the out-of-time appeal to which he was entitled. Thus, Hans argues that he is allowed to raise all issues otherwise appealable in the first instance and all sentencing issues normally raised in a petition for post-conviction relief.

¶11    Hans has also filed a cross-motion to strike pages one through three of the State's reply memorandum in support of its motion to dismiss or strike. Hans claims that the State's memorandum suggests that he engaged in abuse of process in filing his second amended petition for post-conviction relief. Hans argues that abuse of process is a civil tort that has no application in these proceedings and that the State has no legal basis for arguing that Hans deliberately withheld the claims brought in the second petition.

4

Discussion

I.

¶12     In our recent opinion and order we allowed Hans "to further amend his petition for the sole purpose of fully addressing the sentencing issues." Hans I, 942 P.2d at 693. Based on this language, the parties disagree as to which claims are properly before this Court in what has been labeled a second amended petition for post-conviction relief. Thus, we first clarify the scope of the remedy that we intended to provide to Hans and to other defendants who are prejudiced by their counsel's failure to perfect a direct appeal.

¶13     In Hans I, we stated:

> Hans has 'brought to this Court's attention the dilemma posed by *Finney* and Tecca. Although *Finney* appears to provide a remedy for abandonment on appeal by way of post-conviction relief, *Tecca* limits post-conviction claims to those that could not have been raised on appeal. Hans argues that the constraints of Tecca foreclose his ability to raise the appealable issues arising out of sentencing in this post-conviction proceeding. That is, since they could have been raised on appeal, they cannot be raised in a post-conviction proceeding. For this reason, Hans claims that an out-of-time appeal is the appropriate remedy.

Hans I, 942 P.2d at 693. In his first amended petition, Hans raised the issue of counsel's ineffectiveness in abandoning his appeal. He argued that, to put him in the position he would have been in but for his counsel's abandonment, this Court should follow federal and other state courts in adopting an out-of-time appeal as the appropriate remedy. See Dickerson v. Vaughn (3rd Cir. 1996), 90 F.3d 87; Broeckel v. State (Alaska App. 1995), 900 P.2d 1205.

5

¶14 Under § 46-21-101, MCA, a person "who has no adequate remedy of appeal and who claims that a sentence was imposed in violation of the constitution or laws of this state or the constitution of the United States" may petition for post-conviction relief. In asking this Court for an out-of-time appeal, Hans was presuming that he had an adequate remedy of appeal and that if he was granted an out-of-time appeal, it would then be followed by a subsequent post-conviction petition in which he could challenge the validity of his sentence.

¶15 However, this Court rejected the out-of-time appeal followed by a subsequent petition for post-conviction relief procedure and held: "To resolve the confusion created by the anomalous results in *Finney* and *Tecca*, we now hold that all claims foreclosed from appeal because of counsel's abandonment on appeal may be raised in a post-conviction petition." Hans I, 942 P.2d at 693. The State argues that by this language, we expressly limited Hans' second amended petition to appealable issues. However, in his brief in support of the second amended petition Hans stated that "[t]he consequence of this [Court's] resolution is to require petitioner to combine the issues that previously may have been appropriate for direct appeal, with those that are more appropriately characterized as post conviction issues. That is, Mr. Hans may not present merely direct appeal-type issues in this petition. The prior practice [sic] first pursuing an appeal, even an out-of-time appeal, and then pursuing post conviction relief seems to have been rejected."

¶16 Indeed, this Court intended to reject the procedure that Hans urged us to employ. However, contrary to the State's assertion, in rejecting this procedure and allowing Hans to

raise appealable issues in a second amended petition for post-conviction relief, we did not intend to limit Hans to only those claims that could have been raised on direct appeal. Rather, we only intended to simplify what we believe to be a needlessly cumbersome and time-consuming procedure. Had we allowed Hans an out-of-time appeal, the result would have been a three-step procedure: (1) an initial petition for post-conviction relief raising, *inter alia*, counsel's abandonment of the appeal; (2) an out-of-time appeal to remedy the abandonment; and (3) a subsequent petition for post-conviction relief addressing the validity of the sentence under § 46-21-101, MCA. In Hans I, we simply combined the second and third steps.

¶17    Hans argues that he should be allowed to raise all issues related to sentencing, those that normally would have been brought in a direct appeal and those more appropriately raised in post-conviction proceedings. However, Hans has already filed, and this Court has already decided, one petition for post-conviction relief. Accordingly, we cannot allow Hans to raise all claims without regard to whether they have already been decided. As the State notes, this Court did not by its opinion declare open season and waive all other procedural bars. Therefore, we hold that in this second amended petition for post-conviction relief, Hans may raise two types of issues: (1) those issues that could have been raised in a direct appeal but for counsel's abandonment of his appeal; and (2) those issues properly raised in a petition for post-conviction relief under § 46-21-101, MCA, that have not already been raised.

¶18    In a direct appeal, the defendant is limited to those issues that were properly preserved in the district court, § 46-20-104(2), MCA, and to allegations that the sentence is illegal or exceeds statutory mandates. State v. Lenihan (1979), 184 Mont. 338, 602 P.2d 997. In a petition for post-conviction relief under § 46-21-101(1), MCA:

> A person adjudged guilty of an offense in a court of record who has no adequate remedy of appeal and who claims that a sentence was imposed in violation of the constitution or the laws of this state or the constitution of the United States, . . . or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack upon any ground of alleged error available under a writ of habeas corpus, writ of coram nobis, or other common law or statutory remedy may petition the court that imposed the sentence to vacate, set aside, or correct the sentence or revocation order.

Hans is likewise limited in the issues he may raise.

¶19    To clarify the new procedure set forth by this Court in Hans I, in the future, a defendant whose counsel has abandoned his or her appeal should raise, in one petition for post-conviction relief, the claim that counsel was ineffective in abandoning the appeal, all claims that could have been raised on direct appeal, **and** all claims that would normally be appropriate in a petition for post-conviction relief, including challenges to the validity of the sentence under § 46-2 1 - 10 1, MCA, and other ineffective assistance claims,

¶20    Having clarified our opinion in Hans I, we proceed to apply this holding to the claims raised in Hans' second amended petition for post-conviction relief.

8

¶21    Hans raises the following claims:

¶22    1. The District Court:

a) made erroneous findings of fact at sentencing regarding Hans' prospects for rehabilitation; Hans' age as the only mitigating factor; whether Hans suffered from a mental disease or defect; Hans' ability to appreciate the criminality of his conduct and conform his conduct to the requirements of the law; and Hans' relatively high IQ supporting the sentence; and

b) erred as a matter of law in equating the mental state elements of "purpose" or "knowledge" with the requirements of § 46-14-311, MCA.

¶23    2. The District Court violated applicable law and statutes by failing to make findings regarding whether Hans suffered from a mental disease or defect, which resulted in the imposition of a cruel and unusual punishment.

¶24    3. The sentence imposed, and the statutes on which it was based, failed to account or provide for the prospect of rehabilitation and thus violated Hans' rights under the Eighth Amendment and Article II, §§ 15, 22, and 28 of the Montana Constitution.

¶25    4. The sentence imposed, and the statutes upon which it was based, violated Hans' due process rights by impermissibly shifting the burden of proving mental disease or defect to him.

¶26    5. Alternatively, the sentence was based on a mutual mistake or misunderstanding regarding the manner in which Hans' custody determination would be made.

¶27    6. The District Court failed to properly designate Hans a dangerous offender or to fully and appropriately explain the reason for this designation.

¶28    7. Hans' counsel was ineffective by:

a) investigating, preparing, and proceeding according to an incorrect theory of the manner of Hans' custody determination;

b) failing to object to testimony of Dr. Van Hansel based on an interview and mental exam given during the sentencing phase;

c) eliciting testimony adverse to the defense's position;

d) failing to object when the District Court relied on communications of people who were not witnesses at the hearing;

e) failing to advise Hans that the court could use and consider the Montana State Hospital (MSH) evaluation at sentencing; and

f) failing to object when the court considered prior incidents involving Hans in which the sentencing judge was a victim.

¶29    8. Each of counsel's acts prejudiced Hans.

¶30    9. Hans was denied his right to due process when he was denied a defense mental health expert at sentencing; the sentencing judge discussed the case with people not called as witnesses; the judge relied on Hans' prior acts of misconduct in which the judge was a victim; the State's mental health expert conducted a mental evaluation of Hans prior to testifying at the sentencing; and Hans was not advised that the mental health evaluation could be used at sentencing.

¶31    10. Hans was prejudiced by each of the deprivations of due process alleged in claim 9.

¶32    11. Hans was denied his Sixth and Fourteenth Amendment rights to counsel when the State's mental health expert evaluated Hans and testified based on the evaluation without notice and in violation of Hans' fundamental rights.

A. Challenges to the Validity of Hans' Sentence

¶33    In claims 1, 5, and 6, Hans alleges that the District Court made erroneous findings of fact and incorrectly applied the law in sentencing him. Claims 2, 3, 4, 9, 10, and 11 allege that the District Court violated, or that the sentence itself violates, the U.S. Constitution or Montana constitution and statutes. As stated in Part I, in a direct appeal, the defendant is limited to those issues that were properly preserved in the district court, § 46-20-104, MCA, and to allegations that the sentence is illegal or exceeds statutory mandates. Lenihan, 602

P.2d 1000. Upon reviewing the record, we determine that claims 1, 2, 3, 4, 5, 6, 9, 10, and 11 were not properly preserved for appeal below and do not challenge the legality of the sentence. Thus, they could not have been raised in a direct appeal or an out-of-time appeal.

¶34　This Court addressed a defendant's failure to properly preserve sentencing issues for appeal in State v. Nelson (1995), 274 Mont. 11, 906 P.2d 663. In Nelson, the defendant pled guilty to felony assault and appealed his sentence of imprisonment, arguing that the district court failed to properly consider alternatives to incarceration as required by §§ 45-5-201 and -202, MCA, in sentencing nonviolent offenders. Nelson, 906 P.2d at 664, 666. Nelson had not objected below nor had he requested that the court reconsider the matter after it pronounced sentence. Nelson, 906 P.2d at 667. This Court held that because Nelson failed to alert the District Court to its alleged failure to consider alternatives to imprisonment, he was barred by § 46-20-1 04, MCA, from raising the issue on appeal. Nelson, 906 P.2d at 667.

¶35　In this case, Hans claims that the District Court made erroneous findings and conclusions and that it violated applicable statutes and the Montana and U.S. constitutions at sentencing. However, Hans did not object on these bases at sentencing nor did he file a motion for reconsideration or to amend findings in the District Court. Thus, these issues were not properly preserved for appeal.

¶36　Further, though Hans claims that he was sentenced in violation of the laws of Montana, the sentence itself is not outside the statutory parameters and, thus, not illegal. We have held that "an appellate court may review any sentence imposed in a criminal case, if it

11

is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing." Nelson, 906 P.2d at 667 (citing Lenihan, 602 P.2d at 1000). This Court's review is limited to questions of legality, and a sentence is not illegal when it is withing the parameters provided by statute. State v. Gunderson (Mont. 1997), 936 P.2d 804, 54 St.Rep. 283; see also State v. Goulet (1996), 277 Mont. 308,921 P.2d 1245; Nelson, 906 P.2d at 667.

¶37 For example, in Nelson, we discussed whether the court's failure to consider alternatives to incarceration, as it was required to do by statute, thereby rendered the sentence illegal. Nelson, 906 P.2d at 668. We held that while the court had an affirmative duty to consider certain matter at sentencing, the failure to abide by the statutory requirements, in the absence of an objection, does not render the sentence illegal. Nelson, 906 P.2d at 668.

¶38 Likewise, in this case, the sentence imposed did not exceed the statutory maximum for the crime. Hans pled guilty to one count of deliberate homicide, for which he was sentenced to a term of 100 years plus 3 for the use of a dangerous weapon; one count of attempted deliberate homicide, for which he was sentenced to 100 years plus 3 for the use of a dangerous weapon, concurrent; and two counts of aggravated assault, for which he was sentenced to two terms of 10 years plus 2 for the use of a dangerous weapon, concurrent to the sentence on Count I. Each of these sentences was within the statutory mandates. See §45-5-102(2), MCA (1985) (providing that the offense of deliberate homicide or attempted deliberate homicide shall be punishable by death, life imprisonment, or imprisonment in the

12

state prison for a term of not less than 10 years or more than 100 years); § 45-5-202(3), MCA (1985) (providing that the offense of aggravated assault shall be punishable by imprisonment of a term of not less than 2 years or more than 20 years). Therefore, Hans sentence is not illegal.

¶39 Though these issues were not properly preserved and would be barred on appeal, we determine that they are properly brought under the post-conviction relief statute. As stated in part I, under § 46-21-101, MCA, Hans may challenge his sentence on the grounds that it "was imposed in violation of the constitution or the laws of this state or the constitution of the United States or is otherwise subject to collateral attack upon any ground of alleged error available under a writ of habeas corpus, writ of coram nobis, or other common law or statutory remedy. . . ." Thus, the challenges brought under claims 1, 2, 3, 4, 5, 6, 9, 10, and 11 may be raised in this second amended petition for post-conviction relief.

B. Ineffective Assistance of Counsel

¶40 In claims 7 and 8, Hans claims that his counsel was ineffective in representing him at sentencing and that he was therefore prejudiced. Hans raised issues of ineffective assistance of counsel in his first amended petition for post-conviction relief, including the claim that counsel was ineffective in abandoning the appeal. Therefore, in addition to discussing whether the ineffective assistance claims raised here would have been appropriate in a direct appeal or more appropriately raised in a petition for post-conviction relief, we must also determine whether they have already been decided.

13

¶41 This Court has held that when ineffective assistance of counsel claims can be decided upon the record, such claims are appropriate for consideration on direct appeal. *In re* Petition of Evans (1991), 250 Mont. 172, 819 P.2d 156. But, when ineffective assistance of counsel claims require consideration of factual matters outside the record, the claims are inappropriate in the context of a direct appeal. Petition of Evans, 8 19 P.2d at 157.

¶42 In claims 7(b), (c), (d), and (f), Hans alleges that his trial counsel was ineffective by failing to object to errors or by eliciting damaging testimony at sentencing. Because all of these claims can be decided on the basis of the record, we determine that they could have been raised in a direct appeal. Thus, they are appropriately raised in this petition.

¶43 Conversely, to consider claims 7(a) and (e), this Court must look outside the record. Accordingly, these claims are of the type usually raised in a petition for post-conviction relief. Petition of Evans, 819 P.2d at 157. Under § 46-21-101, MCA, the petitioner may claim, in a petition for post-conviction relief, that his or her sentence is "subject to collateral attack upon any ground of alleged error available under a writ of habeas corpus, writ of coram nobis, or other common law or statutory remedy." Therefore, the allegations of ineffective assistance contained in claims 7(a) and (e) are generally appropriate in a petition for post-conviction relief.

¶44 However, as stated above, the unique procedural posture of this case requires further scrutiny to ensure that this Court does not consider again claims of ineffective assistance brought and decided in Hans I. In claim 7(e), Hans alleges that his counsel was ineffective

14

in failing to advise him that the court could use and consider the MSH evaluation at sentencing. We determine that Hans raised a substantially similar claim in his first amended petition for post-conviction relief and, thus, that he is barred from raising the issue here.

¶45 In his first amended petition for post-conviction relief, Hans argued that his counsel was ineffective in failing to advise him of his constitutional right to remain silent during the mental health evaluation at MSH and that the mental health evaluation could be used against him in future proceedings. Hans I, 942 P.2d at 688. This Court agreed that informing a client of the consequences of a mental health evaluation, including how that information can be used, is part of an attorney's general duty to keep the client informed regardless of whether the defense requested the evaluation. Hans I, 942 P.2d at 688. We held that Hans' counsel's failure to inform him of the consequences of his participation in the mental health evaluation was deficient, but that this deficiency did not meet the second prong of the Strickland test. Hans I, 942 P.2d at 689-90.

¶46 The allegation made in claim 7(e)--that Hans was prejudiced by his counsel's ineffective failure to advise him that the MSH evaluation could be considered at sentencing-- was decided in Hans I when we held that his counsel's failure to inform Hans of the possible uses for the evaluation was ineffective but did not satisfy the Strickland test. Thus, we hold that Hans is barred from raising this claim again, and we order it stricken from his second amended petition for post-conviction relief.

## III.

¶47 Hans has also filed a cross-motion to strike or to disregard allegations of abuse of process in the State's reply memorandum. To the extent the State's brief suggests abuse of process, this Court will disregard these allegations.

## IV.

¶48 Based on the foregoing, it is ORDERED that the State's motion to dismiss is DENIED.

¶49 It is ORDERED that the State's motion to strike claim 7(e) is GRANTED. It is further ORDERED that the State's motion to strike the remaining claims is DENIED.

¶50 It is ORDERED that Hans' motion to strike is DENIED.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
J&ices