IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 93-176

1998 MT 255

FILED

OCT 2 0 1998

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

KRISTOFER HANS, )
)
Petitioner, )        OPINION
)           and
v. )        ORDER
)
STATE OF MONTANA, )
)
Respondent. )

¶1    Kristofer Hans (Hans) moves this Court to reconsider its July 14, 1998 order, denying his second amended petition for postconviction relief.  The State of Montana has responded. The controlling issue before this Court is whether Hans' motion for reconsideration is barred by Rule 34, M.R.App.P.

Factual and Procedural Background

¶2    Hans was sentenced to two terms of 100 years plus 3 years for the use of a weapon and two terms of 10 years plus 2 years for the use of a weapon, to be served concurrently, in June, 1988.  His original counsel, Bradley Parrish (Parrish), filed a notice of appeal, but the notice was subsequently withdrawn. Hans filed a *pro se* petition for postconviction relief as an original proceeding with this Court on April 12, 1993.  This Court appointed counsel from Montana's Appellate Defender Office to represent Hans, and an amended petition for

1

postconviction relief was filed on November 17, 1993. On August 25, 1994 this Court entered an order denying two of Hans' claims, remanding his allegations of ineffective assistance of counsel for an evidentiary hearing and findings of fact and conclusions of law, and reserving its ruling on the remaining issues. The District Court held a hearing in November, 1994 and entered findings of fact and conclusions of law on November 21, 1996, concluding that Hans' counsel had not been ineffective except in his failure to preserve Hans' right to appeal. On July 2, 1997 this Court entered an opinion and order denying Hans' other claims but granting him leave to amend his petition to address claims that were foreclosed from review because of counsel's failure to pursue a direct appeal. Hans v. State (1997), 283 Mont. 379, 410, 942 P.2d 674, 693. In September, 1997 Hans filed a second amended petition. The State filed a motion to dismiss Hans' petition or to strike his claims. In January, 1998 this Court entered an opinion and order granting the State's motion to strike one of Hans' claims but holding that Hans' other claims were properly raised and that this Court would review them. Petition of Hans, 1998 MT 7, 958 P.2d 1175, 55 St.Rep. 21. In July, 1998 this Court entered its order denying Hans' second amended petition for postconviction relief.

¶3    Hans and the State dispute whether Rule 60(b), M.R.Civ.P., applies in the present case. Hans contends that this Court may review his motion for reconsideration under the "reasonable time" limitation set forth in Rule 60(b), M.R.Civ.P. The State responds that

2

Hans' motion is in essence a petition for rehearing of an original proceeding that commenced with this Court and that the petition is therefore governed by Rule 17(b), M.R.App.P., and Rule 34, M.R.App.P. The State argues further that under Rule 34, M.R.App.P., Hans' petition for rehearing was not timely. Rule 34 provides in pertinent part:

> When, in appeals or special proceedings, it is ordered that remittitur, peremptory writ or judgment issue forthwith, no petition for rehearing will be entertained. *In all other cases* a petition for rehearing may be filed within 10 days after the decision of the supreme court has been rendered, unless the time is shortened or enlarged by order, and the adverse party shall have 7 days thereafter in which to serve and file objections thereto. Extensions of time will be granted only upon showing of unusual merit, and in no event in excess of 10 days.

Rule 34, M.R.App.P. (emphasis added). We conclude that Hans' motion for reconsideration is in essence a petition for rehearing of an original proceeding that began in this Court in 1993. We hold that Rule 34, M.R.App.P., governs petitions for rehearing of proceedings for postconviction relief that originate with this Court.

¶4     Hans' motion for reconsideration is not timely under Rule 34, M.R.App.P. This Court denied Hans' amended petition for postconviction relief on July 14, 1998. Hans filed his motion for reconsideration of our order on July 31, 1998, more than ten days after we entered our order. Because Hans' motion for reconsideration was untimely under Rule 34, M.R.App.P., we do not address the other issues that Hans has raised.

¶5     Based on the foregoing,

¶6     IT IS ORDERED that Hans' motion for reconsideration is DENIED with prejudice.

¶7    The Clerk is DIRECTED to mail a copy of this order to William F. Hooks, Hans'

counsel of record, and to counsel for the State.

DATED this 20th day of October, 1998.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

4

October 21, 1998

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

WILLIAM HOOKS ESQ
APPELLATE DEFENDER
BOX 200145
HELENA MT 59620-0145

HON JOSEPH P MAZUREK ATTORNEY GENERAL
PATRICIA JORDAN ASSISTANT
JUSTICE BUILDING
HELENA MT 59620

THOMAS P MEISSNER
FERGUS COUNTY ATTORNEY
COURTHOUSE
LEWISTOWN MT 59457

BRADLEY PARRISH
ATTORNEY AT LAW
209 BANK ELECTRIC BUILDING
LEWISTOWN MT 59457

ED SMITH
CLERK OF THE SUPREME COURT

STATE OF MONTANA

BY: _____
Deputy