No. 97-351

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 8

BRUCE HOLTE HAGEN,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Sanders,

The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

David F. Ness, Attorney at Law, Missoula, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General,

C. Mark Fowler, Ass't Attorney General, Helena, Montana

Bob Slomski, Sanders County Attorney, Thompson Falls, Montana

Submitted on Briefs: July 23, 1998

Decided: January 22, 1999

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1. Bruce Holte Hagen (Bruce) appeals from the order entered by the Twentieth Judicial District Court, Sanders County, dismissing his petition for postconviction relief. We affirm in part, reverse in part, and remand.**

## ISSUE

**¶2. Did the District Court err in dismissing Bruce's petition for postconviction relief on the grounds that Bruce's assertions of ineffective assistance of counsel did not state a claim entitling him to relief?**

## BACKGROUND

**¶3. In 1993, the State of Montana (State) charged Bruce with deliberate homicide for the death of Alice Goodrich (Alice) and aggravated assault for the injury of Jim Enger (Jim). The incident which gave rise to the charges occurred at Bruce's home between Plains and Thompson Falls in Sanders County, Montana.**

**¶4. Bruce pled not guilty to the charges and asserted the defenses of justifiable use of force and defense of an occupied structure. The case was tried to a jury in 1994, and Jim, Bruce's wife Gabby, and Reece Cobeen (Reece), a friend of Jim and Alice who also was present during the incident, were among those who testified. The jury found Bruce guilty of both charges, and the District Court sentenced him to lengthy and consecutive terms of imprisonment.**

**¶5. Bruce appealed and new counsel was appointed for purposes of the appeal. Two**

issues were raised on appeal: 1) whether the District Court erred in refusing Bruce's proposed jury instruction on the justifiable use of force in defense of an occupied structure; and 2) whether Bruce was denied effective assistance of counsel. State v. Hagen (1995), 273 Mont. 432, 434, 903 P.2d 1381, 1386. The ineffective assistance of counsel issue was predicated on four alleged failings by trial counsel: failure to object to a reference by the prosecution during voir dire; failure to request an instruction on Bruce's right to rely on appearances when asserting the defense of justifiable use of force; failure to request an instruction on negligent homicide as a lesser offense; and failure to call a witness whose testimony tended to impeach the credibility and accuracy of Reece's testimony. *Hagen,* 273 Mont. at 440-44, 903 P.2d at 1386-88. We affirmed the District Court on all issues and claims presented on appeal. *Hagen,* 273 Mont. at 445, 903 P.2d at 1389.

¶6. Bruce filed the petition for postconviction relief presently before us in April of 1997. He raised nine claims of ineffective assistance of trial counsel, asserting that none of them could have been raised on direct appeal and all were properly raised in his petition for postconviction relief because they required an evidentiary hearing. Bruce also contended that appellate counsel was ineffective in raising a particular claim on appeal. Finally, Bruce alleged that, in the event some or all of the claims relating to trial counsel's alleged ineffective assistance should have been raised on direct appeal and were now barred as a result of not being raised at that time, his appellate counsel had provided ineffective assistance in failing to present significant and obvious issues on appeal.

¶7. The State responded that six of Bruce's claims were procedurally barred under § 46-21-105(2), MCA (1995), because they could have been raised on direct appeal. The State also contended that one of the claims was barred by the doctrine of *res judicata* because it had been decided adversely to Bruce in his direct appeal. Finally, the State argued that three of Bruce's claims were not supported by the record or under the law and could be decided on the merits without the need for an evidentiary hearing. Bruce replied to the State's memorandum opposing his petition and submitted a number of affidavits. He contended, among other things, that he was entitled to an evidentiary hearing.

¶8. The District Court did not hold a hearing. In its order dismissing Bruce's petition, the District Court observed that Bruce's sole claim for relief was ineffective assistance of counsel and determined that "[t]hat issue was raised by Defendant's

appellate counsel and decided by the Montana Supreme Court in a specific holding that Defendant was not denied effective assistance of counsel." On that basis, and without further explanation or rationale, the District Court concluded that Bruce's "adequate remedy of appeal" had been pursued and his postconviction relief petition "fails to state a claim entitling him to relief as a matter of law." Bruce appeals.

## DISCUSSION

¶9. Did the District Court err in dismissing Bruce's petition for postconviction relief on the grounds that Bruce's assertions of ineffective assistance of counsel did not state a claim entitling him to relief?

¶10. As set forth above, all of the claims contained in Bruce's petition for postconviction relief are premised on alleged denials of effective assistance of counsel. In considering ineffective assistance of counsel claims on the merits on direct appeal and in postconviction proceedings, Montana courts apply the two-pronged test set forth by the United States Supreme Court in Strickland v. Washington (1984), 466 U. S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *See Hagen*, 273 Mont. at 440, 903 P.2d at 1386; Kills on Top v. State (1995), 273 Mont. 32, 49, 901 P.2d 1368, 1379. Under that test, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Hagen*, 273 Mont. at 440, 903 P.2d at 1386 (citations omitted). Moreover, the *Strickland* test applies to claims of alleged ineffective assistance of both trial and appellate counsel. *See*, *e.g.*, Hans v. State (1997), 283 Mont. 379, 408, 942 P.2d 674, 692.

¶11. Before reaching the merits of ineffective assistance claims in postconviction relief proceedings, however, it often is necessary to determine whether such claims are properly before the court or whether they are procedurally barred. Such claims may be barred by either § 46-21-105(2), MCA (1995), or the doctrine of *res judicata*.

¶12. Section 46-21-105(2), MCA (1995), provides that grounds for relief which reasonably could have been raised on direct appeal may not be raised thereafter in a petition for postconviction relief. In that regard, where ineffective assistance of counsel claims are based on facts of record in the underlying case, they must be raised in the direct appeal; conversely, where the allegations of ineffective assistance of counsel cannot be documented from the record in the underlying case, those claims must be raised by petition for postconviction relief. *See, e.g.,* State v.

Bromgard (1995), 273 Mont. 20, 23, 901 P.2d 611, 613 (citation omitted); Petition of Evans (1991), 250 Mont. 172, 173, 819 P.2d 156, 157 (citation omitted).

¶13. The doctrine of *res judicata* also may pose a procedural bar to postconviction relief. Under that doctrine, claims which were raised on direct appeal are barred from being raised again in a petition for postconviction relief. State v. Baker (1995), 272 Mont. 273, 281, 901 P.2d 54, 59. Furthermore, the doctrine of *res judicata* is similar in effect to § 46-21-105(2), MCA (1995), in that it bars postconviction claims which "could have been raised on direct appeal." Beach v. Day (1996), 275 Mont. 370, 373, 913 P.2d 622, 624 (citation omitted).

¶14. In the present case, the District Court's denial of Bruce's petition for postconviction relief for failure to state a claim apparently was based on the court's conclusion that Bruce's ineffective assistance of counsel claims had been raised and resolved on direct appeal and were thereby barred by the doctrine of *res judicata*. In reviewing a district court's denial of postconviction relief, we will not overturn the court's legal conclusions if its interpretation of the law is correct. Wagner v. State (1995), 270 Mont. 26, 28, 889 P.2d 1189, 1190.

¶15. Before turning to the individual claims contained in Bruce's petition, we conclude that the District Court erred in part by "painting with too broad a brush." While it is clear that Bruce raised several specific ineffective assistance of trial counsel claims in his direct appeal (*see Hagen*, 273 Mont. at 440-44, 903 P.2d at 1386-88), it is equally clear that not all of the ineffective assistance claims contained in his postconviction relief petition were raised in-- and resolved during--the appeal. Raising record-based ineffective assistance of counsel claims on direct appeal does not foreclose raising non record-based claims via petition for postconviction relief. Indeed, only those ineffective assistance claims which are essentially record-based can be raised on direct appeal; where allegations of ineffective assistance cannot be documented from the record in the underlying case, such claims can only be raised in a postconviction proceeding. *See, e.g., Bromgard*, 273 Mont. at 23, 901 P.2d at 613; *Evans*, 250 Mont. at 173, 819 P.2d at 157.

¶16. Thus, the District Court erred in concluding that all of Bruce's claims were barred by the doctrine of *res judicata* merely because some ineffective assistance claims were raised and resolved on direct appeal. Each claim must be analyzed to determine if it is barred. Therefore, with the controlling principles regarding

procedural bars to postconviction relief claims in mind, we turn to the application of those principles in order to determine which, if any, of Bruce's claims of ineffective assistance of counsel are procedurally barred.

*Claim B(1)*

¶17. Bruce contends that trial counsel rendered ineffective assistance by moving in open court for a mental health examination of Bruce and, thereafter, in the manner in which counsel disseminated those mental health evaluations to the District Court and the prosecution. In particular, Bruce contends that the procedure employed by trial counsel in obtaining the examinations resulted in the violation of his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, as well as various provisions of the Montana Constitution. The State responds that this claim is procedurally barred because the underlying facts are documented in the record. We agree.

¶18. The facts surrounding Bruce's counsel's actions in requesting and disseminating the results of Bruce's mental health evaluations are of record. Moreover, Bruce's contention that trial counsel's actions were deficient rests on legal precedent which, according to Bruce, required counsel to manage these evaluations in a procedurally different manner as a matter of law. We conclude, therefore, that Claim B(1) is a claim which could have been raised on direct appeal and is procedurally barred from consideration in Bruce's postconviction proceeding by both § 46-21-105(2), MCA (1995), and the doctrine of *res judicata*. *See Beach*, 275 Mont. at 373, 913 P.2d at 624.

*Claims B(2)(a), B(2)(b), and B(2)(c)*

¶19. In Claims (B)(2)(a), (B)(2)(b), and (B)(2)(c), Bruce contends that his trial counsel was ineffective in failing to object to the State's introduction of medical reports which characterized the cause of death as homicide; failing to object to comments by the prosecution relating to invocation of the spousal privilege by Bruce's wife; and failing to object to the prosecution's inappropriate elicitation of opinion testimony from one witness as to the credibility of another witness. He argues that counsel's failure to object to these matters at trial constitutes an act of omission, and relies on Fitzpatrick v. State (1981), 194 Mont. 310, 638 P.2d 1002, for the proposition that claims involving acts of omission normally require an evidentiary hearing and, as a result, are properly brought in a postconviction proceeding. The State responds that

No

these claims are record-based, could have been raised on direct appeal and, therefore, are procedurally barred. The State is correct.

¶20. The absence of an objection by counsel--that is, a failure to object--is a fact easily documented by reviewing the record, and we have decided claims of this kind on direct appeal on numerous occasions. *See, e.g.,* State v. Campbell (1996), 278 Mont. 236, 250, 924 P.2d 1304, 1313; State v. Bradley (1993), 262 Mont. 194, 197-99, 864 P.2d 787, 789; State v. Schoffner (1991), 248 Mont. 260, 268, 811 P.2d 548, 553; State v. Probert (1986), 221 Mont. 476, 481, 719 P.2d 783, 786. Furthermore, we recently clarified that a claim of ineffective assistance predicated upon trial counsel's failure to object to matters during trial "can be decided on the basis of the record" and could have been raised on direct appeal. *See* Petition of Hans, 1998 MT 7, ¶ 28 and ¶ 42, ___ P.2d ___, 55 St.Rep. 21, ¶ 28 and ¶ 42.

¶21. Bruce is correct in arguing that some acts of omission are not record-based, and a claim based on an omission which does not appear of record could not be raised on direct appeal and properly would be brought in a postconviction proceeding. Indeed, *Fitzpatrick* involved claims that counsel "failed to adequately investigate and prepare a defense, and was unfamiliar with critical areas of the applicable law." *Fitzpatrick*, 194 Mont. at 318, 638 P.2d at 1007. While not addressing a procedural bar issue regarding those claims, we essentially determined that those acts of omission were not record-based. *See Fitzpatrick*, 194 Mont. at 318, 638 P.2d at 1007.

¶22. It is clear that, in the ordinary case, a review of the record will not establish such matters as whether counsel failed to investigate. It is equally clear that failures to object are, as we determined in *Petition of Hans*, record-based. Thus, *Fitzpatrick* is inapplicable here, and Claims B(2)(a), B(2)(b), and B(2)(c) could have been raised on direct appeal. Accordingly, we conclude that these claims are procedurally barred from being raised in Bruce's petition for postconviction relief under both § 46-21-105 (2), MCA (1995), and the doctrine of *res judicata*.

*Claim B(3)(a)*

¶23. Bruce contends that his trial counsel rendered ineffective assistance when he elicited testimony from Deputy Sheriff Jonathan Hansen on cross-examination which vouched for the character of one of the State's primary witnesses. He argues that the vouching testimony "opened up the door for the State to bolster [the witness'] character and credibility" and prejudiced the jury's ability to impartially gauge the credibility of the witness. The State responds that "the factual basis for this charge comes solely from the trial record. Hagen could have reasonably raised this issue on

direct appeal."

¶24. Because Deputy Hansen's cross-examination testimony was fully set forth in the trial transcript and was part of the record on appeal, this claim could have been raised in Bruce's direct appeal; it was not. Therefore, we conclude that Claim (B)(3)(a) is procedurally barred by both § 46-21-105(2), MCA (1995), and the doctrine of *res judicata*.

*Claim B(3)(b)*

¶25. Bruce contends that his trial counsel rendered ineffective assistance by improperly shifting the burden of proof with regard to his affirmative defense during closing argument. The State responds that this claim is record-based and should have been raised on direct appeal. We agree.

¶26. Counsel's closing argument was incorporated into the record on direct appeal as part of the trial transcript. Moreover, where an affirmative defense is raised in a criminal prosecution, the burden of proof on that issue is allocated as a matter of law. *See State v. Miller*, 1998 MT 177, ¶ 23, 966 P.2d 721, ¶ 23, 55 St.Rep. 719, ¶ 23. Therefore, whether counsel's closing argument improperly shifted the State's burden of proof could have been determined by applying the law to the record on appeal. As a result, we conclude that Claim B(3)(b) is barred under both § 46-21-105(2), MCA (1995), and the doctrine of *res judicata*.

*Claim B(4)(a)*

¶27. Bruce contends that his trial counsel rendered ineffective assistance by failing to investigate or prepare testimony regarding Jim's reputation for turbulence, violence or trouble-making. The State responds that Claim B(4)(a) "can be disposed [sic] by referring to the trial record and is therefore procedurally barred."

¶28. It is clear that a claim premised on trial counsel's failure to present testimony regarding Jim's reputation for violence and trouble-making--like the claims discussed above regarding counsel's failure to object--could be determined from the record. However, that is not the question raised by Claim B(4)(a). The thrust of this claim is an alleged failure to investigate. As discussed above, facts surrounding an alleged failure to investigate necessarily do not appear of record in the ordinary case.

For that reason, such allegations of ineffective assistance of counsel usually cannot be raised on direct appeal and are appropriately presented in a petition for postconviction relief. *See Fitzpatrick*, 194 Mont. at 318, 638 P.2d at 1007.

¶29. Here, there is no basis in the record from which to determine whether Bruce's trial counsel rendered ineffective assistance by failing to investigate--or present testimony--regarding Jim's reputation for violence. As a result, we conclude that Claim B(4)(a) could not have been raised on direct appeal, is not procedurally barred, and is properly raised in Bruce's postconviction petition.

*Claim B(4)(b)*

¶30. Bruce contends that his trial counsel was ineffective in failing to investigate or present significant impeaching testimony against both Reece and Jim. We will consider these contentions in turn.

¶31. With regard to Reece, Bruce argues that counsel failed to investigate and call certain witnesses, including Marvin Geyman and Bruce's two daughters, who allegedly would have testified that Reece had made prior inconsistent statements indicating he did not actually see the events of the shooting as they transpired. The State argues that trial counsel's failure to present testimony impeaching Reece was raised and resolved in Bruce's direct appeal and is barred from consideration in Bruce's postconviction petition under the doctrine of *res judicata*.

¶32. We agree with the State that Bruce's ineffective assistance of counsel claim with regard to counsel's failure to investigate or present testimony impeaching Reece was raised and resolved during Bruce's direct appeal. *See Hagen*, 273 Mont. at 444, 903 P.2d at 1388. Therefore, this portion of Claim B(4)(b) is barred by the doctrine of *res judicata*. *See Baker*, 272 Mont. at 281, 901 P.2d at 59.

¶33. With regard to Jim, Bruce argues that trial counsel failed to investigate or present evidence of Jim's prior criminal acts, his intoxication at the time of the shootings and the fact that, at the time Jim testified at Bruce's criminal trial, he had a civil lawsuit pending against Bruce and would have benefitted from Bruce's conviction. The State responds that the testimony at issue was either admitted at trial or is inadmissible under the rules of evidence and that, as a result, counsel's omissions did not unfairly prejudice Bruce's defense.

¶34. The State's argument goes to the merits of this claim. As discussed above, however, the District Court did not decide this issue on its merits, as the State implies. The District Court's sweeping dismissal of Bruce's postconviction petition was predicated on the application of the doctrine of *res judicata* to all claims, including the failure of trial counsel to investigate or present testimony potentially impeaching Jim. Therefore, we address only whether this claim is procedurally barred.

¶35. As was the case with Claim B(4)(a), this portion of Claim B(4)(b)--namely, counsel's alleged failure to investigate Jim's prior criminal acts and other information potentially impacting Jim's credibility as a witness--does not appear of record. Because such facts may be gleaned only from evidence outside the record, the issue could not have been raised on direct appeal and is properly the subject of a petition for postconviction relief. *See Petition of Hans*, ¶ 28 and ¶ 42. We conclude, therefore, that this portion of Claim B(4)(b) is not procedurally barred under § 46-21-105(2), MCA (1995), or the doctrine of *res judicata*.

*Claim B(4)(c)*

¶36. Bruce's petition for postconviction relief also claims that his trial counsel was ineffective in failing to interview and adequately prepare witnesses prior to trial. Specifically, Bruce contends that trial counsel never interviewed Reece, the State's primary witness, and failed to prepare the testimony of Bruce's wife, Gabby, and Dr. Paul Overland, an ophthalmologist who testified that Bruce suffered from poor vision as a result of macular degeneration of his retinas. The State argued in the District Court that this claim was without merit under *Strickland* as no prejudice to Bruce's defense could be demonstrated. On appeal, the State argues that the claim is without merit, and additionally, that the claim is procedurally barred. As previously noted, the District Court did not resolve any of Bruce's claims on the merits; therefore we limit our review to the issue of whether this claim was procedurally barred.

¶37. As was the case with Claims B(4)(a) and the portion of Claim B(4)(b) relating to Jim, Bruce's claim that trial counsel was ineffective in interviewing and preparing witnesses for trial does not appear of record. Therefore, we conclude that Claim B(4)(c) could not have been raised on direct appeal and is not procedurally barred under § 46-21-105(2), MCA (1995), or the doctrine of *res judicata*.

*Claim B(5)*

¶38. Bruce's final numbered claim is that his appellate counsel was ineffective in raising the issue of trial counsel's failure to request a lesser included offense instruction on direct appeal rather than in the more appropriate posture of a postconviction proceeding. The State responds that the claim regarding the instruction on the lesser offense was raised and resolved on Bruce's direct appeal and, therefore, is barred by the doctrine of *res judicata*. The State does not address Bruce's claim that appellate counsel's performance was deficient in raising an issue on direct appeal that was more properly raised in a petition for postconviction relief. The District Court did not separately address this claim of ineffective assistance of appellate counsel, but merely dismissed it on procedural grounds.

¶39. Because Claim B(5) asserts the ineffectiveness of appellate, rather than trial, counsel it is a claim which necessarily could not have been raised on direct appeal. As a result, we conclude that Claim B(5) is not barred under § 46-21-105(2), MCA (1995), or the doctrine of *res judicata*.

¶40. We turn, then, to Bruce's final claim for postconviction relief. There, he asserted that, to the extent any of his ineffective assistance of trial counsel claims are now procedurally barred because they could have been raised on direct appeal but were not, appellate counsel rendered ineffective assistance. Again, the District Court did not address this claim separately, concluding only that all of the claims were barred by the doctrine of *res judicata*.

¶41. This claim of ineffective assistance of appellate counsel could not have been raised on direct appeal, because the procedural bar issues raised and now resolved in this case simply did not exist at the time the appeal was filed. Therefore, we conclude that Bruce's claim of ineffective assistance of appellate counsel is not barred under § 46-21-105(2), MCA (1995), or the doctrine of *res judicata*.

¶42. In summary, we have concluded that Claims B(1), B(2)(a), B(2)(b), B(2)(c), B(3)(a), B(3)(b), and the portion of Claim B(4)(b) dealing with Reece could have been raised on direct appeal and are now procedurally barred. However, Claims B(4)(a), the portion of B(4)(b) dealing with Jim, B(4)(c), B(5), and both claims relating to appellate counsel's alleged ineffective assistance could not have been raised on direct appeal and are, therefore, not procedurally barred. Accordingly, Claims B(4)(a), the

**portion of B(4)(b) dealing with Jim, B(4)(c), B(5), and the claims regarding ineffective assistance of appellate counsel are remanded to the District Court for further consideration.**

**¶43. Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.**

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ WILLIAM E. HUNT, SR.