No. 99-370

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 50N

IN RE THE MARRIAGE OF:

SUSAN M. JOHNSRUD,

      Petitioner and Respondent,

  and

JAMES C. JOHNSRUD,

      Respondent and Appellant.

FILED

MAR 2 7 2001

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eleventh Judicial District,
                  In and for the County of Flathead,
                  Honorable Ted O. Lympus, Judge Presiding

COUNSEL OF RECORD:

      For Appellant:

          Dean K. Knapton, Attorney at Law, Kalispell, Montana

      For Respondent:

          Paula M. Johnson, Attorney at Law, Whitefish, Montana

                        Submitted on Briefs:  February 24, 2000

                                   Decided:  March 27, 2001

Filed:

_____
         Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The marriage of James C. (Jim) and Susan M. (Sue) Johnsrud was dissolved in the Eleventh Judicial District Court, Flathead County. Jim appeals from the court's determinations of certain property values, its award of maintenance to Sue, its calculation of child support, and its award of attorney fees to Sue. We affirm in part, reverse in part and remand.

¶3 Jim first argues that the District Court erred in denying his motions for further evidentiary hearings following the delay between the trial before a special master in January of 1997 and the District Court's decree of dissolution and judgment in May of 1999. Jim also complains that the court used different valuation dates for different items of property. In particular, he challenges the values assigned to the marital home, a Toyota pickup truck, savings, a snow blower, his pensions, a 401(k) account, lake property, a van damaged between the dates of trial and judgment, and debts paid off between the dates of trial and judgment.

¶4 We will not disturb discretionary trial court rulings like equitable marital estate distribution and valuation of marital property unless the court abused its discretion. *In re*

2

*Marriage of Foreman,* 1999 MT 89, ¶ 14, 294 Mont. 181, ¶ 14, 979 P.2d 193, ¶ 14. The district court may adopt any reasonable valuation of property supported by the record. *In re Marriage of Robinson* (1994), 269 Mont. 293, 296, 888 P.2d 895, 897. Further, the parties' in-court stipulations as to property values are binding. *In re Marriage of Simms* (1994), 264 Mont. 317, 326, 871 P.2d 899, 904.

¶5 The parties agree that the District Court included the $1,000 value of their snow blower twice in the list of property and values awarded. It was both subsumed in the line item "camper, boat, guns, tools & gear" and listed as a separate line item. Both of these line items were awarded to Jim. Given the $276,925 value of the marital estate, we conclude this minor error does not require a redistribution of the marital estate. Therefore, we remand this case with instructions that the District Court delete the separate line item for the snow blower from the list of marital assets in the special master's findings and conclusions adopted by the court.

¶6 As to Jim's other valuation- and distribution-related arguments, our review of the record establishes no abuse of discretion by the District Court. The parties' in-court stipulations concerning pension values and treatment of the marital home were honored. Despite the lapse of time involved in these proceedings, Jim has not established changes in property values to an extent that the denial of his request for additional evidentiary hearings was an abuse of discretion.

¶7 Jim next asserts the statutory findings under § 40-4-203, MCA, on which Sue was awarded $800 per month in maintenance are clearly erroneous and based on the court's attempt to equalize income. In findings adopted by the court, a special master found that Sue did not receive enough income-producing property to provide for her reasonable needs and would not be able to support herself through her current job skills which enabled her to earn $1,000 to $1,200 per month. Substantial evidence supports the findings and they are not otherwise clearly erroneous. Nor does the maintenance award equalize the parties' incomes.

¶8 We next consider Jim's argument that the District Court erred in calculating child support. Under Montana's child support guidelines, child support calculations must include deduction from a parent's income of amounts that parent is required to pay as maintenance. In this case, child support calculations properly included a deduction from Jim's income of $800 per month, reflecting the ordered maintenance. On that basis, Jim was ordered to pay $872 per month in child support for the parties' minor son, until June of 1998, when the son anticipated graduation from high school.

¶9 Jim complains that, in addition to the $800 monthly maintenance included in the calculation of child support, he was ordered to pay Sue $1,039 per month to cover mortgage payment on the marital home, which had been listed for sale. The parties had stipulated that until the home was sold, Sue and their minor son would live there. The court characterized these payments from Jim to Sue as maintenance. The payments were not, however, deducted from Jim's income as maintenance in child support calculations, and Sue was given an

4

allowance in child support calculations for housing expenses. Jim characterizes this as "double-dipping."

¶10 Trial courts must follow the Montana Supreme Court Guidelines for Child Support as well as the administrative rules and statutes concerning the same, and must make specific findings to support any variances from the guidelines. Section 40-4-204(3), MCA; *In re Marriage of Kovarick,* 1998 MT 33, ¶ 39, 287 Mont. 350, ¶ 39, 954 P.2d 1147, ¶ 39. The standard of review relating to a determination of child support is whether the trial court abused its discretion in its calculation and award. *In re Marriage of Craib* (1994), 266 Mont. 483, 490, 880 P.2d 1379, 1384.

¶11 The District Court set forth in its findings the reasons for the provisions regarding the mortgage payments. Jim was clearly the only party with sufficient income to make the payments, which would be required only until the marital home was sold. Designation of the payments as maintenance was a tax benefit for both parties. Additional benefits would accrue to both Jim and Sue upon sale of the home in increased equity to be split equally between them. On this record and under these circumstances, we conclude that the District Court's failure to include the amount of the mortgage payments as maintenance in child support calculations effectively resulted in a variance from the child support guidelines. The variance was supported by specific findings and, therefore, no abuse of discretion has been shown.

5

¶12 Jim also summarily argues that the court erred by failing to hold Sue in contempt for making harassing phone calls to him and by awarding her attorney fees. Our standard of review of a trial court's failure to find a party in contempt is whether the court blatantly abused its discretion. *In re Marriage of Baer*, 1998 MT 29, ¶ 45, 287 Mont. 322, ¶ 45, 954 P.2d 1125, ¶ 45. We review an award of attorney fees for abuse of discretion. *In re Marriage of Schmiedling*, 2000 MT 237, ¶ 22, 301 Mont. 336, ¶ 22, 9 P.3d 52, ¶ 22. In his summary arguments on these points, Jim has established no abuse of discretion.

¶13 As a final matter in this case, Sue requests attorney fees on appeal pursuant to Rule 32, M.R.App.P. Rule 32 allows for the award of damages for an appeal taken without substantial or reasonable grounds. We conclude Jim raised arguable points in his appeal and, therefore, we decline to award Rule 32 damages.

¶14 Affirmed in part, reversed in part, and remanded for the purpose described in ¶ 5 above.

Chief Justice

6

We concur:

_____

_____

_____

_____
Justices

7