JUSTICE COTTER,
dissenting.
¶28 I would conclude that the District Court did not abuse its discretion in summarily dismissing Soraich’s Petition for Postconviction Relief. I therefore dissent from the Court’s Opinion.
¶29 As the majority notes in ¶ 10 of its Opinion, the District Court concluded that Soraich should have raised his claim of ineffective assistance of counsel when he filed his direct appeal, because his claim is based upon facts of record in the underlying case. Relying on § 46-21-105(2), MCA, the District Court concluded that by failing to raise a claim of ineffective assistance of counsel on direct appeal, Soraich is precluded from now raising it in a proceeding for postconviction relief. What the majority does not note is that the District Court also concluded that counsel’s performance was not deficient and the first Strickland prong had therefore not been met. I disagree with the District Court’s conclusion that counsel’s performance was not deficient, but agree with the District Court that Soraich should have raised his claim for ineffective assistance of counsel on direct appeal. *99 ¶30 As the majority notes at ¶ 17 of its Opinion, Soraich argues here that his attorney made promises to the jury that he could not fulfill,"... because he had not reviewed and properly disclosed the investigator’s report prior to trial.” Court’s Opinion, ¶ 17. In addition, the Court notes that defense counsel should have familiarized himself with the factual makeup of the investigator’s entire report and should have been aware of its contents well before telling the jury that he was going to rely on the investigator as a witness. Court’s Opinion, ¶ 19.1 conclude that these matters-that counsel had not reviewed and properly disclosed the investigator’s report prior to trial, and that counsel was at fault for failing to familiarize himself with the investigator’s report before making promises to the jury-are evident from the record and require no evidentiary hearing to demonstrate. ¶31 In chambers prior to the presentation of the defendant’s case, the State moved to exclude Scott Farmer’s testimony because Farmer would be refreshing his recollection from an internal memorandum that he prepared, but which had not been produced for review by the State. The District Court denied this motion. The State then moved to have the internal document prepared by Farmer provided to the State, so that the State could review it and properly cross-examine Farmer. In response, defense counsel flatly said “I’m not going to give it to you. I’ll give it to the judge. And if he wants to excise, that’s fine.” (Tr. Vol. VI, pp. 8-9). The court then inquired of defense counsel whether Farmer had reviewed his statement (the colloquy establishes that the inquiry was made to determine whether Farmer had reviewed the statement to refresh his recollection), and defense counsel confirmed that he had. The judge then directed defense counsel to give him the internal memorandum, so that he could read it before Farmer gave testimony. The court indicated that it would allow the State to read what the judge believed to be related to Farmer’s testimony. The court then asked defense counsel:
Is the whole memorandum related to issues about the memorandum [sic] with Driver, do you believe, or is it about other stuff?
DEFENSE COUNSEL: I don’t know. I don’t want to make a representation. There may be other things in there as well.
Defense counsel then went on to state:
DEFENSE COUNSEL: Then, I guess if you’re going to disclose it in its entirety or even with certain redactions, I would like an opportunity to look at that before I make an ultimate decision. There may be things in there that really they shouldn’t have, in *100 my opinion, and that might change my strategy.
(Tr. Vol. VI, p. 10).
¶32 The transcript makes two things very clear. First, defense counsel, knowing that Farmer had reviewed his internal memorandum in preparation for his testimony, had not taken into consideration the prospect that the court could compel its production and disclosure to the State. Second, defense counsel had not familiarized himself with the contents of Farmer’s internal memorandum before making representations to the jury about what Scott Farmer’s testimony would show. Thus, he made significant representations to the jury about Scott Farmer’s expected testimony without bothering to consider the practical or legal consequences of his statements. All of this is plainly evident from the record.
¶33 I would conclude that the record demonstrates on its face that counsel rendered ineffective assistance. I disagree with the majority’s conclusion that this matter should be remanded for an evidentiary hearing to inquire why defense counsel chose to tell the jury he was going to call the investigator to prove his defense in the first place. Counsel’s ignorance of the law on refreshed recollection and ignorance of the contents of Farmer’s memorandum give us the why: He was not adequately prepared. He made a mistake. He made brash promises in his opening statement without considering the consequences. The why of it is clear from the record. No hearing is required to draw this conclusion.
¶34 In State v. Thee, 2001 MT 294, ¶ 8, 307 Mont. 450, ¶ 8, 37 P.3d 741, ¶ 8 (quoting State v. Miff, 2001 MT 52, ¶ 13, 304 Mont. 310, ¶ 13, 21 P.3d 624, ¶ 13), this Court stated, “To constitute ineffective assistance, counsel’s challenged actions must stem from ignorance or neglect rather than from professional deliberation.” In this case, the record shows that counsel neglected to read a critical document upon which he wished to rely and he was either ignorant of, or failed to consider, what effect production of the document would have on his client until it was too late.
¶35 Upon my review of the record, I conclude this is a classic example of the two-step process this Court outlined in Harris: the record documents the challenged act of the defense counsel and it is apparent from the record that defense counsel’s act was not a part of his trial strategy or a tactical decision. We have held in numerous cases that when a claim of ineffective assistance of counsel is based on facts of record, it must be raised on direct appeal. See Hagen v. State, 1999 MT 8, ¶ 12, 293 Mont. 60, ¶ 12, 973 P.2d 233, ¶ 12; State v. Wright, 2001 *101 MT 282, ¶ 6, 307 Mont. 349, ¶ 6, 42 P.3d 753, ¶ 6.
¶36 This being said, we are not being asked here to determine whether counsel was in fact ineffective. The only inquiry before us is whether the District Court abused its discretion in dismissing Soraich’s petition for postconviction relief because he should have raised his claim for ineffective assistance of counsel on direct appeal. I would conclude the District Court did not abuse its discretion in reaching that conclusion, and would affirm the order of the District Court.
CHIEF JUSTICE GRAY joins in the foregoing dissenting Opinion of JUSTICE COTTER.