DA 13-0043

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 266

CODY LYNN FLETCHER,

       Petitioner and Appellant,

  v.

STATE OF MONTANA,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 12-677(A)
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Briana E. Schwandt, Smith & Stephens, P.C.; Missoula, Montana

       For Appellee:

          Timothy C. Fox, Montana Attorney General; Mardell Ployhar, Assistant
Attorney General; Helena, Montana

          Ed Corrigan, Flathead County Attorney; Kalispell, Montana

Submitted on Briefs:   August 14, 2013

Decided:   September 17, 2013

Filed:

_____
                Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

¶1     Cody Fletcher (Fletcher) pled guilty to sexual assault and sexual intercourse without consent in the Eleventh Judicial District, Flathead County, before Hon. Ted O. Lympus (Judge Lympus).  Fletcher was represented by attorney Lane Bennett (Bennett) who helped him negotiate a plea agreement with the prosecutor.  Pursuant to the agreement, the State would request only 40 years imprisonment with 20 suspended in exchange for Fletcher's plea of guilty.  At his change of plea hearing, Fletcher acknowledged that Judge Lympus was not bound by the plea agreement and that he could face a harsher sentence than that outlined in the plea agreement.

¶2     At sentencing, Judge Lympus handed down an oral order imposing a 40-year sentence with 20 suspended.  The sentence also required that Fletcher complete the Sexual Offender Program (SOP) I and II in the Montana State Prison, and imposed a 10-year restriction on eligibility for parole.  However, Fletcher interpreted the sentence to require SOP I and II only if professionals determined that he needed such a program, and also believed that he would not need to complete the SOP conditions before becoming eligible for parole.  When the written sentence was issued, Fletcher was concerned that the SOP and parole conditions were inconsistent with the oral pronouncement of his sentence in that he was required to complete SOP I and II outright, and he would not be eligible for parole until after completion of these conditions.

2

¶3      In his petition for Post-Conviction Relief (PCR), Fletcher argued that his sentence was unfair because the judge used personal feelings against him and did not give adequate reason for the 10-year parole restriction, and also asserted an ineffective assistance of counsel claim (IAC). Fletcher never raised the inconsistency of his oral and written sentence in his PCR petition. The District Court dismissed the petition without a hearing. It is from this dismissal that Fletcher now appeals.

## STATEMENT OF ISSUES

¶4      *Issue One: Are Fletcher's challenges to the legality of his sentence procedurally barred?*

¶5      *Issue Two: Was Fletcher denied effective assistance of counsel?*

## STANDARD OF REVIEW

¶6      This Court reviews a district court's denial of a petition for post-conviction relief to determine whether its findings of fact are clearly erroneous and its conclusions of law are correct. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861. We do not review issues raised for the first time on appeal. *Ellenburg v. Chase,* 2004 MT 66, ¶ 18, 320 Mont. 315, 87 P.3d 473. IAC claims present mixed issues of law and fact which we review de novo. *State v. Clary*, 2012 MT 26, ¶ 13, 364 Mont. 53, 270 P.3d 88.

## DISCUSSION

¶7      *Are Fletcher's challenges to the legality of his sentence procedurally barred?*

¶8      Fletcher challenges his sentence on the grounds that the District Court's oral pronouncement at sentencing differed from the written order. He further argues that a

3

hearing should have been conducted to modify or clarify his sentence. However, Fletcher raises both of these arguments for the first time on appeal, so they are barred as a matter of procedure.

¶9 All grounds for post-conviction relief claimed by a petitioner must be raised in the original or amended original petition. Section 46-21-105(1)(a), MCA. We do not review issues raised for the first time on appeal. *Ellenburg*, ¶ 18. In a PCR petition that includes an ineffective assistance of counsel claim, defendant may raise all claims that were foreclosed by his counsel's abandonment of appeal. *In re Hans*, 1998 MT 7, ¶ 19, 288 Mont. 168, 958 P.2d 1175.

¶10 Petitioner states that he raised the inconsistency of his sentence in his PCR petition, as well as in his PCR reply brief. In fact, he raised the issue in neither document. In his PCR petition, Fletcher states that his 10-year parole restriction was handed down without reason, but does not contest the consistency of oral and written judgments. Further, his PCR reply brief raises only an ineffective assistance of counsel claim alleging that Fletcher's attorney failed to seek clarification of the parole eligibility restriction. Nothing in Fletcher's motions or briefs at the PCR or trial stage challenges the legality of the oral or written sentence on account of contradictory or ambiguous terms. As such, the inconsistency of his sentence is raised for the first time on appeal, and it is barred as a matter of procedure.

¶11 *Was Fletcher denied effective assistance of counsel?*

¶12 Fletcher also claims that he was denied effective assistance of counsel when his attorney (1) failed to ensure he understood the plea agreement, (2) failed to seek

4

clarification of the oral and written judgments, and (3) failed to preserve Fletcher's right to appeal.

¶13 To determine if an individual has received ineffective assistance of counsel, we use the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *State v. Miner*, 2012 MT 20, ¶ 11, 364 Mont. 1, 271 P.3d 56. Under this test, the defendant must demonstrate (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defendant. *Miner*, ¶ 11. IAC claims must be grounded on facts in the record and not on mere conclusory allegations. *State v. Finley*, 2002 MT 288, ¶ 9, 312 Mont. 493, 59 P.3d 1132. If an insufficient showing is made regarding one prong of the test, there is no need to address the other prong. *Dawson v. State*, 2000 MT 219, ¶ 21, 301 Mont. 135, 10 P.3d 49.

¶14 Under *Strickland's* first prong, we examine whether counsel's conduct fell below an objective standard of reasonableness considering prevailing professional norms, and in the context of all circumstances. *Whitlow*, ¶ 14. Counsel's conduct is strongly presumed to be within professional norms, and a plaintiff must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Whitlow*, ¶ 16 (quoting *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066). We then examine these acts or omissions in light of all circumstances to determine whether it falls below the standard of reasonable professional conduct. *Whitlow*, ¶ 16. Under *Strickland's* second prong, we examine whether there is a reasonable probability that counsel's lack of reasonable professional conduct renders the trial result unreliable or the proceedings fundamentally

5

unfair. *Miner*, ¶ 12. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice. . .that course should be followed." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2069.

¶15 First, Fletcher's attorney sufficiently explained the risks and benefits of a guilty plea in this situation. In *State v. Cameron*, we found that a defendant sufficiently understood the consequences of his plea when his lawyer explained the plea, as well as when the trial judge interrogated him to ensure his understanding. *State v. Cameron*, 253 Mont. 95, 102, 830 P.2d 1284. Bennett and Fletcher agreed that he had little chance for acquittal at trial because of eyewitnesses and DNA evidence. Bennett's affidavit demonstrates that he warned Fletcher that the Court could sentence him more harshly than the plea agreement recommendations. Under these circumstances, Bennett's conduct was that of a reasonable professional, so Fletcher's claim fails the first prong of *Strickland.* But even if Bennett had failed to inform his client about the risk of a greater sentence, Fletcher acknowledged at his change of plea hearing that the Court could hand down a harsher sentence than the plea agreement. As such, Fletcher was not prejudiced by his attorney's failure to explain the plea agreement, so his claim also fails the second prong of *Strickland.*

¶16 Second, Fletcher was not prejudiced by Bennett's failure to clarify the ambiguity of the oral judgment or his failure to object to the written judgment. Although the oral version of a sentence is controlling, written judgments may help clarify an ambiguous oral sentence. *State v. Lane*, 1998 MT 76, ¶¶ 36-40, 288 Mont. 286, 957 P.2d 9; *State v. Waters*, 1999 MT 229, ¶¶ 31-32, 296 Mont. 101, 987 P.2d 1142.

6

¶17    Here, the District Court's oral judgment was certainly ambiguous:

> [T]he defendant's consideration for eligibility for parole is restricted from the first 10 years of this sentence. . .[T]he defendant will be required to successfully comflete [sic] –complete the sex offender program SOP Program Level 1, as well as SOP Level 2 prior to being –if that is deemed appropriate by the administrators of the program at Montana State Prison.  Both then, SOP I and II are to be –successfully completed prior to consideration for parole eligibility.

¶18    As Fletcher argues, the oral sentence conditions regarding his parole eligibility and SOP requirements could be subject to several possible interpretations.  However, Fletcher also concedes that one of those possible interpretations is the sentence outlined by the written judgment:  "It was the order of this Court that the Defendant shall not be eligible for parole for ten (10) years.  It was further the order of this Court that the Defendant shall not be eligible for parole unless and until he successfully completes Sex Offender Treatment Program I and II."

¶19    Had Bennett requested clarification of the oral judgment, the judge would have likely clarified his order at that time.  Fletcher was not prejudiced simply because he was surprised by the written order's clarification of his sentence.  Because the written order legally clarified the oral sentence, Bennett's objection to the written order would have had no legal consequence for Fletcher.  Further, it is irrelevant that the Flathead Prosecutors prepared the written order because Judge Lympus demonstrated his actual intent by signing the order.  Accordingly, Fletcher's IAC claim regarding inconsistency of sentence fail the second prong of *Strickland.*

¶20 Finally, Fletcher asserts that Bennett refused to preserve his right to appeal his sentence. But Bennett did not refuse his client's wish for an appeal, instead, he warned Fletcher that he had slim chance for a successful appeal to this Court because his sentence was legal. Further, Bennett advised Fletcher that the proper remedy for appealing his sentence was at the Sentence Review Board (SRB). This advice is not in error, and it is irrelevant that another lawyer would have acted differently by warning Fletcher about the risks of SRB. *State v. Turner,* 2000 MT 270, ¶ 7, 302 Mont. 69, 12 P.3d 934. ("The fact that some other lawyer . . . would have done differently . . . is not ground for branding the appointed attorney with the opprobrium of ineffectiveness. . . ."). Therefore, Bennett's actions were those of a reasonable professional under the circumstances, and Fletcher's third claim fails the first prong of *Strickland*.

## CONCLUSION

¶21 Fletcher's challenges to the legality of his sentence are procedurally barred. Fletcher was not denied effective assistance of counsel. We affirm the District Court's denial of Fletcher's PCR petition.

/S/ MICHAEL E WHEAT

We Concur:

/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE