DA 13-0222

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 324N

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

JOHNNY SHAWN CHARLO,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC 11-118
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Matthew M. Stevenson, David M. Maldonado, Stevenson Law Office;
Missoula, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General; Helena, Montana

            Mitch Young, Lake County Attorney, Jessica Cole-Hodgkinson, Deputy
County Attorney; Polson, Montana

                          Submitted on Briefs:  October 16, 2013
                                  Decided:  November 5, 2013

Filed:

                                  Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Johnny Shawn Charlo (Charlo) pled guilty to sexual assault pursuant to § 45-5-502, MCA. The District Court sentenced Charlo to a term of 40 years of incarceration, with 25 years suspended. In its oral pronouncement of sentence, the court ordered that Charlo would not be eligible for parole until he had served five years of his sentence. The court "considered putting a parole restriction with regard to obtaining sex offender treatment while you're in prison, but the parties have not asked for that. But the Court highly recommends that you are involved in that . . . ." The court then orally incorporated by reference the probation officer's recommended conditions for the suspended sentence. Among those was Condition 29, requiring outpatient sex offender treatment. All conditions contained in the Pre-Sentence Investigation (PSI) report had been provided to Charlo prior to sentencing.

¶3 The District Court handed down its written judgment seven months later. That judgment ordered that Charlo "shall not be eligible for parole for five (5) years and must complete sex offender treatment." Charlo filed a Motion to Correct Written Judgment, citing differences between the oral and written judgment. The District Court denied Charlo's motion to correct the judgment.

2

¶4     On appeal, Charlo argues that the District Court improperly adopted PSI recommendations by reference, that the District Court gave inadequate reasons for imposing the five-year parole eligibility restriction, and disputes the written judgment's requirement that he complete the Sexual Offender Program (SOP) before becoming parole eligible.

¶5     When a district court's oral pronouncement of sentence conflicts with the written judgment, the oral pronouncement controls. *State v. Lane*, 1998 MT 76, ¶¶ 36-40, 288 Mont. 286, 957 P.2d 9; *Fletcher v. State*, 2013 MT 266, ¶ 16, 372 Mont. 22, 309 P.3d 998.  If a portion of a sentence is illegal, or a written and oral judgment are in conflict, we remand to the district court to correct the judgment by striking illegal conditions, phrasing the conditions as recommendations, or by conforming the written judgment with the oral judgment. *State v. Johnson*, 2000 MT 290, ¶¶ 38-40, 302 Mont. 265, 14 P.3d 480; *State v. Heafner*, 2010 MT 87, ¶¶ 11-13, 356 Mont. 128, 231 P.3d 1087.

¶6     In the instant case, the court's oral judgment recommended that Charlo participate in sex offender treatment before becoming eligible for parole.  The written judgment does not phrase this condition as a recommendation, but as a requirement for parole eligibility.  By changing the recommendation to a requirement, the District Court's written judgment added a restriction to Charlo's parole eligibility that was not included in the oral pronouncement of sentence.  Charlo acknowledges that, as a level one sexual offender, he is required to successfully complete the educational phase of treatment before being eligible for parole. Section 46-18-207, MCA.  To the extent the District Court's written judgment requires more,

3

however, it is not consistent with the oral pronouncement of sentence and must be remanded for correction.

¶7     The District Court properly exercised its authority to require Charlo's participation in outpatient sexual offender programs during the suspended portion of his sentence. Section 46-18-202(1)(g), MCA, authorizes a sentencing judge to impose conditions of sentence that are reasonably related to the objectives of rehabilitation, protecting society, and protecting the victim. Further, if a Defendant is put on notice of sentencing conditions and given sufficient opportunity to respond to those conditions, the Defendant should not be heard to complain. *State v. Waters*, 1999 MT 229, ¶ 32, 296 Mont. 101, 987 P.2d 1142. In *Waters*, we found that the defendant received proper notice of a condition contained in the PSI report when he acknowledged that he had read and discussed the PSI report. *Waters*, ¶ 32.

¶8     Condition 29 of the PSI report requires that Charlo participate in outpatient sexual offender treatment, which is reasonably related to preventing Charlo's recidivism and directly implicates concerns of rehabilitation and protecting society. Charlo was afforded proper notice of this condition when he acknowledged that he understood the PSI conditions and did not object to them. Therefore, we affirm the District Court's imposition of Condition 29, requiring Charlo to participate in outpatient sexual offender treatment.

¶9     Finally, the District Court gave adequate justification for the five-year restriction on Charlo's parole eligibility. Section 46-18-202(2), MCA, authorizes courts to impose restrictions on parole eligibility as necessary. District courts have great discretion in determining whether it is necessary to restrict parole eligibility, and are limited only by

4

reasonableness. *State v. Kirkbride*, 2008 MT 178, ¶ 18, 343 Mont. 409, 185 P.3d 340. Here, the District Court limited Charlo's parole eligibility in order to provide at least five years of security to the victim, allowing her to complete counseling without the fear that her attacker could be set free. The court's reasoning for this restriction is sound, and we will not disturb it on appeal.

¶10 The proper remedy here is remand to the District Court to correct the written judgment by conforming it to the oral sentence. The condition requiring Charlo to complete sex offender treatment before becoming parole eligible should be stricken, or rephrased as a recommendation. The conditions imposed by the District Court on Charlo's suspended sentence were reasonable and the sentence imposed was otherwise lawful. Charlo's sentence is reversed and remanded to the District Court to conform the oral and written judgments.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions.

/S/ MICHAEL E WHEAT

We concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ MIKE McGRATH