DA 13-0764

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 144N

TWAIN NEWMAN AYERS,

      Plaintiff and Appellant,

  v.

CHRISTIAN T. NYGREN,

      Defendant and Appellee.


APPEAL FROM:    District Court of the Sixteenth Judicial District,
                  In and For the County of Custer, Cause No. DV 13-74
                  Honorable Michael B. Hayworth, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

           Twain Newman Ayers, self-represented, Shelby, Montana

      For Appellee:

           Michael F. McMahon, Denny K. Palmer, McMahon, Wall & Hubley, PLLC,
           Helena, Montana


                          Submitted on Briefs:  May 8, 2014
                                  Decided:  June 3, 2014


Filed:

_____
                         Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Twain Newman Ayers appeals from an order of the Sixteenth Judicial District Court, Custer County, granting summary judgment in favor of Christian T. Nygren. We affirm.

¶3    Ayers was a co-defendant in a civil suit filed in 2011, in which Nygren was the attorney representing the plaintiff's insurer. Nygren mistakenly believed Ayers to be the party insured by his client. Nygren contacted Ayers's attorney, Paula Saye-Dooper, and asked her to share her files related to the matter. Believing Nygren had been brought on as co-counsel, Saye-Dooper did so. When the mistake was later discovered, Nygren was ordered to pay $11,500 in sanctions, including $3,500 to Ayers for attorney fees and costs, loss of litigation time, and unnecessary delay.

¶4    Ayers filed a petition for writ of execution in May 2013, in which he claimed he had not received the $3,500 he was owed by Nygren. Saye-Dooper filed a satisfaction of judgment and supporting affidavit. In her affidavit, Saye-Dooper said Nygren delivered to her a personal check for $3,500, which she applied to Ayers's outstanding bill for legal services of $3,546.27. The petition for writ of execution was denied. Ayers then filed a complaint against Nygren, again claiming that he had not received payment. The District Court granted summary judgment in favor of Nygren.

¶5     We review an order granting summary judgment de novo, applying the same criteria as the district court. *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839. Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c). The moving party has the initial burden of establishing the absence of any genuine issue of material fact. *Sherrard v. Prewett*, 2001 MT 228, ¶ 8, 306 Mont. 511, 36 P.3d 378. The burden then shifts to the non-moving party to produce "'substantial and material evidence raising a genuine issue of material fact.'" *Sherrard*, ¶ 17 (quoting *Montana Metal Bldgs., Inc. v. Shapiro*, 283 Mont. 471, 474, 942 P.2d 694, 696 (1997)).

¶6     Nygren produced a satisfaction of judgment and affidavit filed by Saye-Dooper showing that he paid the sanctions ordered. He also produced a prior order denying Ayers's petition for a writ of execution and finding that the sanctions had already been paid. Nygren established the absence of any genuine issue of material fact. *Sherrard*, ¶ 8. The burden shifted to Ayers to produce evidence that would raise a genuine factual dispute about whether Nygren paid the sanctions. *Sherrard*, ¶ 17. Ayers did not produce any such evidence. Instead, Ayers argued that he had paid Saye-Dooper in full for her services, and thus she was not entitled to apply the payment received from Nygren to her bill. This does not raise a question about whether Nygren made the payment. The evidence presented to the District Court clearly established that he did. Summary judgment was appropriate. M. R. Civ. P. 56(c).

¶7     On appeal, Ayers argues that his rights to equal protection and due process were violated. He argues Nygren should be held in contempt of court and claims the District

3

Court acted with bias. None of these issues were raised before the District Court. We will not address issues raised for the first time on appeal. *Fletcher v. State*, 2013 MT 266, ¶ 6, 372 Mont. 22, 309 P.3d 998.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶9     Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT