DA 12-0743

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 258N

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

DONALD PAUL ROGERS,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                       In and For the County of Missoula, Cause No. DC 12-260
                       Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Wade Zolynski, Chief Appellate Defender, Eileen A. Larkin, Assistant
                Appellate Defender, Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
                Attorney General, Helena, Montana

                Fred Van Valkenburg, Missoula County Attorney, Jason Marks, Deputy
                County Attorney, Missoula, Montana

                            Submitted on Briefs:  September 3, 2014
                                    Decided:  September 23, 2014

Filed:

                               _____
                                         Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Donald Rogers was charged with sexual intercourse without consent, partner or family member assault, unlawful restraint, violations of a no-contact order, burglary, and theft. The charges initially were filed in the Fourth Judicial District Court, Missoula County, under Cause Number DC 11-180. The theft charge, however, was subsequently severed and filed under Cause Number DC 12-260. Rogers was tried and convicted of the remaining offenses in DC 11-180. He appealed, and this Court reversed and remanded for a new trial. *State v. Rogers*, 2013 MT 221, 371 Mont. 239, 306 P.3d 348.

¶3 While Rogers's appeal in DC 11-180 was pending, he was tried and convicted in DC 12-260 of the severed theft charge. The District Court sentenced him to 10 years, all suspended, to run consecutively to the sentences imposed in DC 11-180. At the oral pronouncement of sentence, the court also ordered Rogers to pay $5,000 in restitution and granted Rogers's request to stay restitution payments until he has exhausted (as Rogers put it) all of his "state remedies"—apparently a reference to his right to pursue a direct appeal, and possibly also his right to file a petition for postconviction relief. The court's written judgment, however, does not provide for the stay. It instead states that "[r]estitution is due in the amount of $5000.00 to the victim."

2

¶4      Relying on the presentence investigation report that had been filed in DC 11-180, the District Court imposed terms and conditions on the 10-year suspended sentence for the theft conviction.  In so doing, the court explained that "a lot of those conditions have to do with the sex offense of the underlying charges, and the case that was, previously, disposed of."  One of the terms and conditions stated that Rogers "shall be designated a Level 3 sexual offender . . . ."  Other terms and conditions required Rogers, among other things, to enter and complete an anger management class, enter and complete sexual offender treatment, undergo annual HIV testing for the next five years, not have contact with any individual under the age of 18, not frequent places where children congregate, not access sexually oriented materials or media, and not have a mobile phone or technology device with Internet capabilities.

¶5      The present appeal is from Rogers's sentence in the theft case (DC 12-260).  First, he argues—and the State concedes—that the District Court's written judgment conflicts with the court's oral pronouncement of sentence because the written judgment does not stay the order of $5,000 in restitution pending Rogers's exhaustion of his "state remedies."  We have held that "the sentence orally pronounced from the bench in the presence of the defendant is the legally effective sentence and valid, final judgment." *State v. Lane*, 1998 MT 76, ¶ 40, 288 Mont. 286, 957 P.2d 9.  In the event of a conflict between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls.  *Lane*, ¶ 48.  Furthermore, in the event of such a conflict, the district court may correct an error in the written judgment by a nunc pro tunc order to accurately reflect what was orally pronounced at the sentencing hearing.  *Lane*, ¶ 48;

§ 46-18-116(3), MCA. Accordingly, we remand with instructions to correct the written judgment to reflect the stay of restitution that was granted during the oral pronouncement of sentence. The District Court should clearly indicate the duration of the stay by clarifying the "state remedies" that Rogers is being given the time to exhaust. *Fletcher v. State*, 2013 MT 266, ¶ 16, 372 Mont. 22, 309 P.3d 998 ("Although the oral version of a sentence is controlling, written judgments may help clarify an ambiguous oral sentence.").

¶6 Second, Rogers argues—and the State concedes—that the District Court lacked authority to designate Rogers a Level 3 sexual offender, given that theft is not a sexual offense under §§ 46-23-502(9) and -509, MCA. *State v. Holt*, 2011 MT 42, ¶¶ 21-22, 359 Mont. 308, 249 P.3d 470. Accordingly, we remand with instructions to strike the Level 3 sexual offender designation in Rogers's theft sentence.

¶7 Finally, Rogers observes that the District Court imposed the terms and conditions numbered 31-34, 36-40, 42-44, and 46-52 based on the rationale that these terms and conditions "have to do with the sex offense of the underlying charges, and the case that was, previously, disposed of"—a reference to DC 11-180. This Court reversed Rogers's convictions in DC 11-180, however, and remanded for a new trial. Hence, Rogers argues that the District Court's rationale is no longer valid. We have held that restrictions and conditions on a sentence must have a nexus to the underlying offense or to the offender. *State v. Bullplume*, 2013 MT 169, ¶ 18, 370 Mont. 453, 305 P.3d 753. Rogers argues, therefore, that the sexual offender conditions identified above should be struck from his theft sentence, as any nexus which might have existed at the time of his sentencing on

4

that offense has since ceased to exist. Rogers also notes that on remand from our reversal in *Rogers*, the parties entered a plea agreement in DC 11-180 which resulted in dismissal of all the charges (including the sexual offense) except partner or family member assault (PFMA) and burglary, to which Rogers pleaded guilty. He also notes that the prosecutor did not recommend, and the District Court did not impose, any sexual offender conditions on the suspended sentences he received for the PFMA and burglary convictions.

¶8 In response, the State contends that Rogers forfeited his objections to the aforementioned conditions on his theft sentence because he did not object at the time of sentencing. We agree with Rogers, however, that in light of the unique circumstances of this case, it is necessary to remand with instructions that the District Court reconsider whether the imposition of Conditions 31-34, 36-40, 42-44, and 46-52 is appropriate in the theft case, given the ultimate disposition of DC 11-180. The District Court has discretion to reimpose the conditions if it determines that they bear the requisite nexus to Rogers or to his theft offense, despite the resolution in DC 11-180. *See State v. Ashby*, 2008 MT 83, ¶ 15, 342 Mont. 187, 179 P.3d 1164 (a sentencing judge may impose a condition of probation so long as it has a nexus either to the offense or to the offender himself); *State v. Mason*, 2003 MT 371, ¶ 23, 319 Mont. 117, 82 P.3d 903 (in imposing a sentence, the court may consider any relevant evidence relating to the nature and circumstances of the crime, the character of the defendant, the defendant's background and history, mental and physical condition, and any evidence the court considers to have probative force, including evidence of other acts, even those resulting in acquittal or which are dismissed

5

pursuant to a plea bargain agreement), *overruled on other grounds by State v. Herman*, 2008 MT 187, ¶ 12 n.1, 343 Mont. 494, 188 P.3d 978.

¶9    We have determined to decide this case under Section I, Paragraph 3(d)(iii) of our Internal Operating Rules, pursuant to which this Court may enter a noncitable memorandum opinion reversing the judgment of the trial court where it is manifest on the face of the briefs and the record that the judgment is contrary to settled Montana law. We reverse the District Court's DC 12-260 judgment, in part, and remand for the following purposes: to correct the written judgment so that it includes and clarifies the stay on Rogers's restitution payments; to strike the Level 3 sexual offender designation; and to reconsider whether the imposition of Conditions 31-34, 36-40, 42-44, and 46-52 is appropriate.

¶10   Reversed and remanded for further proceedings.


                                              /S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE