FILED

05/31/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0482

DA 21-0482

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 107N

JEFFREY ELEC HAMILTON,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC-13-560
Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Jeffery Elec Hamilton, Self-Represented, Deer Lodge, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant
Attorney General, Helena, Montana

      Joshua Racki, Cascade County Attorney, Ryal Ball, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:  April 20, 2022

Decided:  May 31, 2022

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Jeffrey Elec Hamilton appeals the Eighth Judicial District Court's order denying his petition for postconviction relief (PCR) for failure to state a claim for relief. We affirm.

¶3    In 2014, a jury found Hamilton guilty of two counts of incest and not guilty of two counts of sexual intercourse without consent (SIWC) for assaulting his adopted daughter (C.H.) on an almost weekly basis between 2009 and 2013. Prior to sentencing, he filed a motion to dismiss and a motion for a new trial, but the District Court denied both. In March 2015, the District Court sentenced him to 100 years in prison with 75 years suspended for each conviction. Hamilton filed a direct appeal. We affirmed the conviction, remanding only for correction of the judgment. *State v. Hamilton*, 2018 MT 253, ¶ 53, 393 Mont. 102, 428 P.3d 849.

¶4    In his PCR petition, Hamilton argued actual innocence, ineffective assistance of counsel (IAC), perjury, and double jeopardy. After ordering the State to respond, the District Court denied Hamilton's claims without a hearing. Hamilton raises all the same arguments on appeal with the addition of an equal protection claim that was not included in his PCR petition. We decline to review Hamilton's equal protection claim because it is

2

raised for the first time on appeal. *See Fletcher v. State*, 2013 MT 266, ¶ 9, 372 Mont. 22, 309 P.3d 998.

¶5    We review a district court's denial of a PCR petition to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Wilkes v. State*, 2015 MT 243, ¶ 9, 380 Mont. 388, 355 P.3d 755. "We review de novo mixed questions of law and fact presented by claims of IAC." *Wilkes*, ¶ 9 (citation omitted).

¶6    "A person adjudged guilty of an offense in a court of record who has no adequate remedy of appeal" may "petition the court that imposed the sentence" if the sentence was unconstitutional or is otherwise subject to collateral attack upon any ground of alleged error available under a writ of habeas corpus. Section 46-21-101(1), MCA. The petitioner bears the burden to show, by a preponderance of the evidence, that the facts justify relief. *Griffin v. State*, 2003 MT 267, ¶ 10, 317 Mont. 457, 77 P.3d 545. "Unlike civil complaints, the postconviction statutes are demanding in their pleading requirements." *Ellenburg v. Chase*, 2004 MT 66, ¶ 12, 320 Mont. 315, 87 P.3d 473. A PCR petition must "clearly set forth the alleged violation or violations"; "identify all facts supporting the grounds for relief set forth in the petition"; and include "affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(a), (c), MCA. "The petition must be accompanied by a supporting memorandum, including appropriate arguments and citations and discussion of authorities." Section 46-21-104(2), MCA.

¶7    Hamilton's stand-alone claims of perjury and double jeopardy are procedurally barred from PCR because they could have been raised on direct appeal.

*See* § 46-21-105(2), MCA ("[G]rounds for relief that could have been raised on direct appeal may not be raised, considered, or decided" in a PCR proceeding.). We review them only as part of his IAC claims.

¶8    Hamilton argues that he could not have committed the offense of incest because (1) the jury acquitted him of the SIWC charges; (2) the expert witnesses disagreed about the probative value of C.H.'s physical examination, which indicated that her hymen was intact and there was no scarring in the vaginal area; and (3) none of the witnesses directly observed Hamilton commit the crimes.

¶9    Hamilton's arguments that the expert witnesses disagreed about the relevance of C.H.'s physical examination and that no witnesses directly observed the assaults would require the District Court to evaluate and reweigh the evidence. Hamilton essentially contests the sufficiency of the evidence to convict him—a claim that could have been raised as a claim on direct appeal. These arguments therefore are procedurally barred. *See* § 46-21-105(2), MCA.

¶10    In a postconviction actual innocence claim, the petitioner must show, by clear and convincing evidence, that, but for a procedural error, no reasonable juror would have found him guilty of the charged offense. *See Beach v. State*, 2009 MT 398, ¶ 44, 353 Mont. 411, 220 P.3d 667. The two counts of incest of which Hamilton was convicted required the State to prove sexual contact, not sexual intercourse. *See* § 45-5-507, MCA. Sexual contact means "touching of the sexual or other intimate parts of the person of another, directly or through clothing, in order to knowingly or purposely (a) cause bodily injury to or humiliate, harass, or degrade another; or (b) arouse or gratify the sexual response of

4

either party." Section 45-2-101(67), MCA. That the jury acquitted Hamilton of sexual intercourse, therefore, does not prove that he is actually innocent of the incest charges. Regarding the expert testimony, moreover, the experts agreed that not all women who have repeated penetrative sexual intercourse experience hymenal tearing. That some of the expert opinions could be interpreted to contradict C.H.'s testimony regarding the frequency of the assaults does not establish that "no reasonable juror" could have found Hamilton guilty of incest.

¶11 Hamilton next claims that both his appellate counsel and his trial attorney were ineffective. He alleges that his appellate counsel failed to raise on direct appeal the issues Hamilton raised in his PCR petition—actual innocence, perjury, double jeopardy, and IAC of his trial counsel. Under the *Strickland*[1] test, Hamilton must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Guillen v. State*, 2018 MT 71, ¶ 18, 391 Mont. 131, 415 P.3d 1.

*a. Failure to argue "actual innocence" on direct appeal*

¶12 Hamilton fails to establish that his attorney was deficient by not raising actual innocence on direct appeal because he does not identify what grounds his attorney had for raising these arguments. Although Hamilton cites some case law in support of his IAC claim generally, it does not pertain to his assertion that his appellate counsel should have argued actual innocence on appeal. He submits only one conclusory statement, that his appellate counsel's "deficiency was a complete mockery of our judicial [s]ystem by not

---

[1] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).

putting the prosecution to any type of adversarial test." We have stated that "conclusory statements are insufficient as a matter of law to support a postconviction claim." *Kelly v. State*, 2013 MT 21, ¶ 11, 368 Mont. 309, 300 P.3d 120.

¶13 Hamilton's claim that his counsel should have challenged the sufficiency of the evidence also fails to support a showing of IAC. On review for sufficiency of the evidence, we evaluate the evidence "in the light most favorable to the prosecution and determine whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." *State v. Sommers*, 2014 MT 315, ¶ 15, 377 Mont. 203, 339 P.3d 65 (citation omitted). There was substantial testimony regarding Hamilton's sexual contact with C.H., including testimony that he spanked intimate parts of her body, touched her genitals under her clothes, bathed her, performed oral sex on her, forced her to perform oral sex on him, and penetrated her anally and vaginally, all between the ages of ten and fourteen. Though Hamilton contends that no one witnessed the assaults, a third-party witness is not required to convict. In any event, Hamilton's roommate testified that he saw C.H. sleeping in the same bed as Hamilton; that he knew that Hamilton and C.H. showered and spent time in the bathroom together; and that he believed they had an inappropriate relationship. A rational trier of fact could conclude, from all the evidence, that Hamilton committed the offense of incest. Hamilton cannot "overcome the presumption" that his attorney's decision not to challenge the sufficiency of the evidence on direct appeal "could be considered a sound strategy." *See State v. Santoro*, 2019 MT 192, ¶ 16, 397 Mont. 19, 446 P.3d 1141 (citation omitted). Hamilton therefore cannot meet either prong of *Strickland* on these grounds.

6

*b. Failure to argue "perjury" on direct appeal*

¶14    To prevail on a perjury claim, Hamilton would need to establish that (1) the witness's testimony was actually false; (2) the testimony was material to the verdict; and (3) the prosecutor knew or believed the testimony to be false. *See Gollehon v. State*, 1999 MT 210, ¶ 33, 296 Mont. 6, 986 P.2d 395. Hamilton alleges that C.H.'s testimony that Hamilton had sexual intercourse with her over 150 times was false because the experts opined that it is unlikely for a woman's hymen to still be intact after ten penetrative sexual encounters. Setting aside that this allegation oversimplifies and misstates the expert witnesses' testimonies, it is not sufficient evidence that C.H.'s testimony was "actually false." Nor was her testimony regarding penetrative sexual assaults material to the verdict because the incest charges were based on sexual contact, not sexual intercourse. Hamilton cannot establish that his appellate counsel's decision to not appeal his conviction on this ground was deficient or that he was prejudiced by the decision.

*c. Failure to argue double jeopardy on direct appeal*

¶15    A defendant may be charged and convicted of violating two statutes for the same act or transaction if each offense requires proof of a different element. *State v. Valenzuela*, 2021 MT 244, ¶ 19, 405 Mont. 409, 495 P.3d 1061 (citing *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180 (1932)). A person commits the offense of sexual intercourse without consent when he knowingly has sexual intercourse with another person without consent. Section 45-5-503(1), MCA (2013). A person commits the offense of incest when he knowingly has sexual contact with "an ancestor, a descendant, a brother or sister of the whole or half blood, or any stepson or stepdaughter," including "relationships of parent

7

and child by adoption." Section 45-5-507(1), MCA (2013). Each offense requires proof of elements that the other does not. Sexual intercourse without consent requires the State to prove (1) sexual intercourse and (2) lack of consent, neither of which are required to prove incest. And incest requires a familial relationship, which is not an element of sexual intercourse without consent. *See also Valenzuela*, ¶ 22 (comparing sexual assault and incest). In addition, Hamilton was acquitted of the sexual intercourse charges. His double jeopardy claim would have failed as a matter of law, and Hamilton cannot establish that his appellate counsel was deficient by not raising it.

*d. Failure to argue IAC on direct appeal*

¶16    Hamilton contends that his appellate counsel should have argued IAC on direct appeal because his trial attorney failed to raise a pre-trial motion on double jeopardy grounds, failed to object to hearsay evidence during trial, failed to raise collateral estoppel in a post-trial motion, and did not permit him to testify in his own defense. Though IAC claims "based on facts of record in the underlying case . . . must be raised in the direct appeal," we review Hamilton's trial attorney's conduct here to determine whether his appellate counsel was deficient by failing to assert IAC on direct appeal. *See Hagen v. State*, 1999 MT 8, ¶ 12, 293 Mont. 60, 973 P.2d 233.

¶17    As stated above, Hamilton could not have prevailed on his double jeopardy claim. His attorney's decision not to raise double jeopardy in a pre-trial motion therefore does not meet either prong of *Strickland*. Hamilton's remaining contentions similarly are inapplicable. Hamilton did not identify, either in his PCR petition or in this appeal, a single instance in which his attorney failed to object to hearsay evidence. He makes one baseless

8

assertion that the "the only evidence was [sic] hearsay statements from the 'alleged victim[.]'" This type of conclusory allegation is insufficient to support a postconviction claim. *Kelly*, ¶ 11. C.H. did not, moreover, rely on any hearsay in her testimony; she testified to her personal experiences with Hamilton. Collateral estoppel "bars relitigation of issues raised and decided in . . . previous trials." *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 18, 331 Mont. 281, 130 P.3d 1267. It is therefore not a ground on which Hamilton's attorney could have sought relief from the verdict. As for the decision to not testify, Hamilton's attorney submitted an affidavit in the PCR proceeding stating that Hamilton freely chose not to testify. Discouraging him from testifying could, moreover, be considered sound trial strategy, and Hamilton cannot meet the deficiency prong of *Strickland* on this ground. The District Court correctly dismissed Hamilton's IAC claim as failing to state a claim for PCR.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's findings of fact are not clearly erroneous, and its interpretation and application of the law were correct. We affirm the District Court's order denying Hamilton's petition for PCR.

/S/ BETH BAKER

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR

9