ORIGINAL

FILED

07/11/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0348

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0348

WAYNE A. AVILES,

Petitioner,

v.

CAPTAIN JASON KOWALSKI,

Respondent.

FILED

JUL 1 1 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Wayne A. Aviles, representing himself, has filed a Petition for Writ of Habeas Corpus along with attachments. Aviles indicates that his sentence is illegal because it violates his right to be free from double jeopardy, resulting in illegal incarceration.

On October 10, 2017, the Tenth Judicial District Court, Fergus County, sentenced Aviles for felony sexual intercourse without consent to the Department of Corrections (DOC) for an unsuspended, ten-year term. The District Court later amended the sentence on the State's motion, holding a hearing on January 4, 2018, and imposing a ten-year DOC term with five years suspended. Aviles did not appeal. In open court on May 24, 2022, the District Court revoked Aviles's suspended sentence because of violations. The court imposed an unsuspended, five-year term and awarded credit for time served as well as street time. Aviles did not appeal his sentence upon revocation.

In his current petition, Aviles refers to this Court's previous Order in which we denied him habeas corpus relief because he was challenging his sentence upon revocation, which is barred under Montana law. Section 46-22-101(2), MCA. Aviles contends that this Court is incorrect in its ruling.

Aviles raises six issues: (1) he contends his claims are not procedurally barred pursuant to *Hamilton v. State*, No. DA 21-0482, 2022 MT 107N, 2022 Mont. LEXIS 506 (May 31, 2022); (2) ineffective assistance of counsel; (3) conflict of interest (bias) from

former Judge; (4) conflict of interest (bias) from psychosexual evaluator; (5) all other previous violations in his prior petition; and (6) actual innocence. Aviles requests a "video-court session to be allowed to argue these points . . ." and to put forth "[n]ewly discovered evidence . . . ."

Aviles misconstrues Montana law. This Court has explained twice before that Aviles cannot raise these claims through a remedy of habeas corpus. As we explained in denying his previous petition in March of this year: "Upon review, Aviles's five-year unsuspended sentence is lawful and valid because it is a sentence upon revocation." *Aviles v. Kowalski*, No. OP 23-0116, Order, at 2 (Mont. Mar. 7, 2023) (*Aviles I*). "Aviles is not entitled to his requests of exoneration, dismissal of charges, release, or restitution." *Aviles I*, at 2. We explained all of this again in denying his petition for rehearing. *Aviles v. Kowalski*, No. OP 23-0116, Order (Mont. Apr. 11, 2023) (*Aviles II*). "We explained that his 2022 sentence upon revocation does not subject him to double jeopardy." *Aviles II*, at 2. We refused then to address his Memorandum that he attaches again to his instant petition. *Aviles II*, at 1-2. Nothing has changed since March.

Aviles's claims would have been more appropriately raised in a direct appeal. As noted previously, Aviles never appealed his sentence in 2017 or his sentence upon revocation in 2022. He cannot raise these claims challenging his conviction now. Section 46-22-101(2), MCA. Aviles's reference to *Hamilton* is unavailing because Hamilton appealed the denial of his petition for postconviction relief concerning his ineffective assistance of counsel claims. Earlier this year, this Court informed Aviles that he had the option to file a petition for postconviction relief concerning his claims of ineffective assistance of counsel in the sentencing court. *Aviles I*, at 2.

We remind Aviles that he does not have a direct appeal in this Court. He brings an original proceeding where he persists in bringing inappropriate claims. His claims are procedurally barred under this writ, pursuant to § 46-22-101(2), MCA, and therefore, improperly raised.

2

We conclude that Aviles has not demonstrated an illegal sentence or illegal incarceration. Therefore,

IT IS ORDERED that Aviles's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk of the Supreme Court is directed to provide a copy of this Order to: Captain Kowalski, counsel of record, and Wayne Anthony Aviles personally.

DATED this _11th_ day of July, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3