FILED

02/17/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0294

DA 25-0294

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 29N

K.B.,

    Petitioner and Appellant,

    v.

STATE OF MONTANA,

    Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
                In and For the County of Lewis and Clark, Cause No. CDV-2023-783
                Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            K.B., Self-Represented, Deer Lodge, Montana

        For Appellee:

            Austin Knudsen, Montana Attorney General, Mardell Ployhar,
            Assistant Attorney General, Helena, Montana

            Kevin Downs, Lewis and Clark County Attorney, Helena, Montana

                            Submitted on Briefs:  January 7, 2026

                                    Decided:  February 17, 2026

Filed:

                    _____
                                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    K.A.B. appeals the First Judicial District Court's denial of his postconviction relief petition, which challenged a 2004 dispositional order arising out of a juvenile adjudication that included a requirement to register as a sex offender, and the denial of his motion for a protective order as moot. We affirm.[1]

¶3    In 2003, the State charged K.A.B. in the First Judicial District Court with Sexual Intercourse Without Consent. The case was transferred to the Youth Court of the First Judicial District. The Youth Court adjudicated K.A.B. as a delinquent youth and serious juvenile offender and committed K.A.B. to Pine Hills Youth Correctional Facility until his 18th birthday. The dispositional order also required that upon K.A.B.'s release, "deputies from the Lewis and Clark County Sheriff Office shall take [K.A.B.] into custody and return him to the Lewis and Clark County Law Enforcement Center in Helena, Montana, for further proceedings in District Court." Pursuant to a plea agreement, K.A.B. and the State agreed that after his 18th birthday, in January 2004, supervision of K.A.B. would be

---

[1] This is K.A.B.'s third proceeding before this Court in recent years seeking relief from the challenged 2004 order. *See State v. K.A.B.*, No. DA 22-0601, 2022 Mont. LEXIS 1078, Order (Nov. 22, 2022) (referenced herein as "*K.A.B. I*"); *State v. K.A.B.*, No. DA 22-0740, 2023 Mont. LEXIS 28, Order (Jan. 10, 2023) (referenced herein as "*K.A.B. II*").

2

transferred from the Youth Court to the District Court. On January 26, 2004, the State filed a notice to transfer jurisdiction of K.A.B. to the District Court.

¶4      While the juvenile proceeding was pending, the State charged K.A.B. for other offenses allegedly committed as an adult, also in Lewis and Clark County, including felony Aggravated Kidnapping, Burglary, and Escape. A plea agreement led to K.A.B. entering guilty pleas to Burglary and Escape, and a sentencing hearing in the criminal case was held in conjunction with the transfer of supervision hearing on May 4, 2004. At that time, the District Court orally ordered K.A.B. to register as a sex offender,[2] and thereafter entered a written judgment in both cases, requiring in the juvenile case that K.A.B. register as a sexual offender in addition to other conditions, and, in the adult criminal case, sentencing K.A.B. for 11 years, six years suspended, for Escape, with a concurrent five-year sentence for Burglary. The Department of Corrections thereafter enrolled K.A.B. in the Intensive Supervision Program (ISP).

¶5      On August 21, 2004, K.A.B. escaped from the Billings ISP. On August 30, 2004, K.A.B.'s defense counsel filed a § 46-18-116, MCA, motion to modify his sentence by removing the sex offender registration requirement, arguing it was improperly imposed under §§ 46-18-201 through -203, MCA. The State responded that, at the time of K.A.B.'s commitment to Pine Hills Youth Correctional Facility, the parties and the Youth Court were aware that K.A.B. would likely be unable to complete the sex offender treatment

---

[2] The hearing transcript, as quoted in the briefing at that time, indicates that the District Court also stated that the registration requirement could follow K.A.B. beyond the time of his supervision in adult court.

program before turning 18 due to his age and the usual duration of treatment, and thus the parties had contemplated a transfer of supervision to the Department of Corrections upon K.A.B.'s 18th birthday to allow completion of treatment and imposition of additional appropriate conditions, including offender registration. The State further argued that K.A.B.'s motion to correct or modify the sentence was potentially moot in light of K.A.B.'s then-status as having absconded from supervision, and the State thereafter filed a petition to revoke K.A.B.'s probationary sentence due to his escape from supervision. The District Court entered an order in both cases providing that "[b]ecause the petition to revoke may have an effect on any ruling the [c]ourt might make [regarding the existing sentence and disposition], IT IS ORDERED that a hearing on the Defendant's motion to correct or modify his sentence WILL BE SET after the Defendant has been apprehended." (Capitalization in original.) A hearing was never held, and K.A.B. did not appeal from the judgment in either case.

¶6    K.A.B was apprehended about a year later in California, but, pursuant to a detainer filed by Powell County, K.A.B. was detained at Montana State Hospital in Warm Springs in January 2006. After K.A.B. escaped from that facility, he was charged and convicted of Escape and sentenced to two years in Montana State Prison. Following release on parole, K.A.B.'s supervision was transferred to Yellowstone County. In 2011, the District Court ordered the records for K.A.B.'s underlying youth case to be sealed, and in 2014, the District Court ordered the destruction of his case records within an order disposing of numerous juvenile records. Also in 2014, the State filed a revocation petition for K.A.B.'s

4

violation of conditions and for his escape from the Bozeman Law and Justice Center, where he was detained as a suspect in new sexual assault offenses that involved an alleged use of a weapon. K.A.B. was arrested several weeks later in another state and charged here with various offenses, including Sexual Intercourse Without Consent, Assault on a Police Officer, and Failure to Register as a sex offender. The District Court granted his motion to dismiss the Failure to Register charge, reasoning that because the motion to modify sentence filed in 2004 had never been heard, the requirement was "of no effect," despite there being, consistent with the oral pronouncement, a written judgment imposing registration, which had never been appealed. K.A.B. was convicted after trial in 2015, and his convictions in that case were affirmed by this Court. *State v. [K.A.B.]*, No. DA 16-0157, 2018 MT 261N, 2018 Mont. LEXIS 356.[3]

¶7      In August 2022, K.A.B. filed a "Defendant's Pro Se Notice of Issue" requesting the District Court take up the motion to modify sentence he had filed in 2004 challenging the registration requirement. The District Court denied the motion, and in his appeal from that denial, K.A.B. sought appointment of counsel from this Court, leading to this Court's order in *K.A.B. I*. We stated:

> K.A.B. has not presented a proper final judgment from the District Court. "An appeal may be taken by the defendant only from a final judgment of conviction and orders after judgment which affect the substantial rights of the defendant." Section 46-20-104(1), MCA. The court sentenced K.A.B. years ago and sealed the court's records in 2011. K.A.B. cannot revive a closed proceeding upon filing a notice of issue in the District Court more than a decade later. As such, his appeal is not properly before this Court. M. R. App. P. 4(5)(b)(i).

---

[3] On the Sexual Intercourse Without Consent charge, K.A.B. was convicted of the lesser included offense of felony sexual assault. *See State v. K.A.B.*, ¶ 2 n.1.

*K.A.B. I*, at *2. This Court thus dismissed the appeal.

¶8 K.A.B. then petitioned this Court for an out-of-time appeal of the 2004 judgment, giving rise to our January 2023 order in *K.A.B. II*. We denied the request, explaining:

> K.A.B. [] contends that the [District Court] was without jurisdiction to require him to register as a sexual offender and that the court's oral pronouncement conflicts with the written judgment. In its reasons for the sentence, the District Court provided that "[r]egistration as a sexual offender is required due to the nature of the sexual offense." Pursuant to Montana law, "[i]n imposing a sentence on an offender convicted of a sexual or violent offense, as defined in 46-23-502, the sentencing judge may not waive the registration requirement provided in Title 46, chapter 23, part 5." Section 46-18-201(6), MCA (2001). *The District Court did not have an option in requiring K.A.B.'s sexual offender registration. See also* §§ 46-18-202(3), 46-23-502, MCA (2001).

*K.A.B. II*, at *4 (emphasis added).

¶9 In December 2023, K.A.B. filed a petition for post-conviction relief, contending this Court's prior orders and the District Court's 2004 order were incorrect and violated his rights of procedural due process, substantive due process, and equal protection—including our determination that the District Court did not have an option but to require registration in 2004—and thus alleged that his 2004 judgment was not final. He also filed a motion for a protective order regarding the use of his name in the proceeding. The District Court denied and dismissed the petition, reasoning that, "[p]reliminarily, this [c]ourt has no jurisdiction to review decisions of the Montana Supreme Court," but that "[m]ore to the point, the fact that Petitioner's motion was not ruled upon, and no hearing was held, does not change the fact that Petitioner's underlying matter closed with the entry of judgment and order on May 11, 2004," and that "[t]he deadline for Petitioner to appeal that judgment

6

was July 10, 2004, sixty days after entry of judgment. Petitioner failed to do so." K.A.B. appeals.

¶10     We review a district court's denial of a petition for postconviction relief to determine whether its findings of fact are clearly erroneous and whether its conclusions of law are correct. *Rose v. State*, 2013 MT 161, ¶ 15, 370 Mont. 398, 304 P.3d 387 (citation omitted).

¶11     K.A.B. argues, as he did in his petition to the District Court, that the "disposition in Youth Court Cause No. DJ 2003-02 was facially invalid, because the plain language of § 41-5-208, MCA[,] did not authorize the [c]ourt to impose a new disposition or new conditions, and because the [c]ourt's jurisdiction had already been terminated" when he was released from Pine Hills. He contends the District Court failed to consider "whether procedurally barring K.B.'s claim that the underlying disposition was facially invalid unconstitutionally suspended the Writ [of Habeas Corpus]."

¶12     The District Court issued the written judgment and order requiring K.A.B. to register as a sexual offender on May 11, 2004, after stating the requirement orally during the hearing. In criminal cases, a notice of appeal must be filed within sixty days after entry of judgment. M. R. App. P. 4(5)(b)(i). K.A.B.'s deadline for appealing the judgment and order was July 10, 2004, sixty days after May 11, 2004, and K.A.B. did not file an appeal by then. Further, we denied a request for an out-of-time appeal brought some 18 years later. *See K.A.B. II*, at \*3.

7

¶13 A petition for postconviction relief "may be filed at any time within 1 year of the date that the conviction becomes final." Section 46-21-102(1), MCA. A conviction becomes final when the time for appeal to this Court expires. *See* § 46-21-102(1), MCA. K.A.B.'s time to file a postconviction petition expired on July 10, 2005, one year after his deadline to appeal the judgment and order issued by the District Court. He failed to do so. Although the statutory deadline may be extended in cases of newly discovered evidence demonstrating innocence, *see* § 46-21-102(2), MCA, K.A.B. asserted no such claim. Accordingly, the District Court correctly ruled that K.A.B.'s postconviction relief petition was untimely filed. Further, postconviction claims may be procedurally barred under § 46-21-105(2), MCA, or the doctrine of res judicata. *Hagen v. State*, 1999 MT 8, ¶ 11, 293 Mont. 60, 973 P.2d 233. Section 46-21-105(2), MCA, precludes consideration of claims that reasonably could have been raised on direct appeal. *Herman v. State*, 2006 MT 7, ¶ 55, 330 Mont. 267, 127 P.3d 422. K.A.B. could have directly appealed the sex offender registration requirement, but he did not. Further, this Court referenced the merits of K.A.B.'s claim in its 2023 Order, stating "[t]he District Court did not have an option in requiring K.A.B.'s sexual offender registration," citing the governing statutes. *K.A.B. II*, at *4.[4] We reject any contention that K.A.B.'s August 30, 2004 motion under § 46-18-116, MCA, to modify his sentence by removing the sex offender registration requirement, which remained unresolved until K.A.B. filed his notice of issue in 2022, tolled the time for appeal or delayed finality of the judgment for purposes of § 46-21-102, MCA, particularly where,

---

[4] We do not address any judicial remedies K.A.B. may or may not have for relief from the registration requirement.

as here, the alleged error was apparent on the face of the judgment and could have been raised on direct appeal. Although facially invalid sentences are not time-barred for purposes of habeas corpus, *see Lott v. State*, 2006 MT 279, ¶ 22, 334 Mont. 270, 150 P.3d 337, the District Court's requirement that K.A.B. register was not facially invalid.

¶14 Finally, K.A.B. argues that the District Court erred by denying his motion for a protective order. K.A.B.'s motion requested that the District Court "issue a protective order requiring that his true name be kept under seal . . . and that documents revealing his identity or other sensitive information be filed under seal." Upon resolution of the case, the District Court deemed the motion to be moot. We have likewise utilized K.A.B.'s initials in this proceeding, and there is no further relief to be granted.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. Although portions of K.A.B.'s arguments implicate due process and privacy concerns under the Montana Constitution, this appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. The District Court did not err by dismissing K.A.B.'s postconviction relief petition.

/S/ JIM RICE

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ KATHERINE M. BIDEGARAY
/S/ BETH BAKER

9